EDWARD L. GOULD

*v.*

CHARLES HOWE.

*Filed at Ottawa January 21, 1890.*

1. TOWN PLAT—*acknowledgment—before what officers.* The act of January 4, 1825, providing for the acknowledgment and recording of town plats, remained unchanged until the revision of 1874. Under that statute, the plats were required to be acknowledged before a justice of the Supreme Court, judge of the circuit court, or a justice of the peace. Until the revision of 1874, a notary public had no authority of law to take and certify the acknowledgment of a town plat, and a plat so acknowledged prior to such revision did not pass the fee of the streets and alleys to the municipality.

2. SAME—*town plat unacknowledged—as evidence of a dedication of streets, etc.* While a town plat not properly acknowledged does not operate as a conveyance of the fee, it is evidence tending to show a common law dedication, which vests an easement in the streets and alleys in the municipality.

3. CONVEYANCES—*exception—reservation—defined and distinguished.* An exception in a deed withholds from its operation some part or parcel of the thing which, but for the exception, would pass by the general description to the grantee; while a reservation is the creation of some new right issuing out of the thing granted, and which did not exist before as an independent right, in behalf of the grantor, and not of a stranger.

4. The words "reserving" and "excepting," in a deed of real estate, are not conclusive in determining whether an exception or reservation is intended. The character and effect of the provision itself, in which such words occur, must determine what is intended.

5. In 1855 a railway company made and recorded a plat of a town, but which plat was not properly acknowledged so as to convey the fee in the streets and alleys. In 1863 the company conveyed, by warranty deed, a part of the land so laid out and platted, in which deed, after the description, are these words: "Reserving streets and alleys, according to recorded plat of the town of W.:" *Held,* that as the recording of the plat vested an easement in the town to the streets and alleys, the railway company had no interest in the streets and alleys to reserve, and consequently, on the vacation of an alley, the company could not convey the same so as to pass any title thereto.

APPEAL from the Circuit Court of Marshall county; the Hon. T. M. SHAW, Judge, presiding.

On the 16th of May, 1855, the Illinois Central Railroad Company caused to be laid out the town of Wenona, on land of which it was then owner, in Marshall county, and, at the same time, it also caused a plat of the town to be made, and to be recorded in the proper office, but the only acknowledgment of the plat was before a notary public. On the 12th of August, 1863, the company sold, and conveyed by warranty deed, to Thomas A. Hill, a parcel of the tract so laid out,— described as "all that part of the north-east quarter of section 24, in township 30, north of range 1, east of the third principal meridian, lying west of Chestnut street, east of Hickory street, and north of Third North street, *reserving streets and alleys, according to recorded plat of the town of Wenona.*" On the 2d of March, 1885, the city council of Wenona adopted an ordinance vacating the alley between out-lots 9, 11 and 12, connecting Third North street and Elm street, which is one of the alleys marked on the recorded plat of the town, and on the 21st of July, 1887, the Illinois Central Railroad Company executed a quitclaim deed of all its interest in the alley thus vacated, to Edward L. Gould. Edward L. Gould brought ejectment, for the alley, against Charles Howe, who deraigns title under Thomas A. Hill. The issues were tried before the court, without the intervention of a jury, and a verdict and judgment were rendered for the defendant.

The court was asked, but refused, to hold,—first, the deed of the Illinois Central Railroad Company to Hill is to be construed as if the plat was a statutory plat; second, that Charles Howe, by taking steps to have the alley in question vacated by signing the petition, is estopped to deny that the dedication was a statutory dedication, for if it was a common law dedication, the city authorities had no power to vacate the same; third, that there was no dedication of the streets and alleys in

the plat, except to make a statutory dedication of them,—to all of which plaintiff excepted. Motion for new trial was made and overruled, to which there was also exception.

Messrs. Barnes & Barnes, for the appellant:

The plat having been made in 1855, on vacation of the alley the fee reverted to the original owner. *Gebhardt* v. *Reeves*, 75 Ill. 301; *St. John* v. *Quitzow*, 72 id. 334; *Helm* v. *Webster*, 85 id. 116.

A strict compliance with the statute is not required to vest the fee in the city. *Gebhardt* v. *Reeves*, 75 Ill. 301; *Chicago* v. *Rumsey*, 87 id. 354.

The reservation in the deed to Hill operated to except from the grant the streets and alleys shown by the plat, and prevented the fee from passing to Hill, if it had not already passed by the plat to the city.

A deed to A, reserving the coal, leaves the grantor the absolute owner of the coal. *Whitaker* v. *Brown*, 46 Pa. St. 197; 3 Washburn on Real Prop. chap. 5, sec. 4, p. 640.

An exception and a reservation are, in deeds, often synonymous. 3 Washburn on Real Prop. 645.

It is plain, we think, that the language in the deed of the railroad to Hill is to be construed as an exception, rather than a reservation. And if an exception, then the title to the alley in dispute did not pass by the deed to Hill; but if it was in the railroad company when the deed to Hill was made, the plaintiff (appellant here) took the title under his deed from the railroad company.

But we deny that the railroad company had any title to the streets and alleys, after making, acknowledging and recording the plat. By that plat the title to the streets and alleys passed from the railroad company to Wenona, and on vacation of the alley the title to this alley reverts to the railroad company, and then they conveyed it to appellant, and his title is paramount. Both parties claiming from a common source,

as admitted in the record, it was not necessary to show title from the government. Ejectment act, sec. 25.

Messrs. EDWARDS & EVANS, for the appellee:

It is the *acknowledgment* and *recording* of the plat in conformity with the statute, that vest the fee of the streets and alleys in the corporation. *Trustees* v. *Haven*, 11 Ill. 554; *Manly* v. *Gibson*, 13 id. 308; *Thomas* v. *Eckard*, 88 id. 593; *Winnetka* v. *Prouty*, 107 id. 218; *Maywood* v. *Maywood*, 118 id. 61.

The words in the deed, "reserving streets," etc., do not constitute a technical reservation, as a reservation is always of something issuing or coming out of the thing or property granted, and not a part of the thing itself.   3 Washburn on Real Prop. 570.

The exception can only embrace the easement or right of the public, and was inserted to protect the grantor from the covenants in his deed. *Leavitt* v. *Towle*, 8 N. H. 96; *Cincinnati* v. *Lessees*, 7 Ohio St. 37; *Peck* v. *Smith*, 1 Conn. 124; *Bridger* v. *Pierson*, 45 N. Y. 601; *Richardson* v. *Palmer*, 38 N. H. 212.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Two questions, only, are presented for our decision by the arguments made upon this record: First, does the plat of the Illinois Central Railroad Company vest the *fee* of the streets and alleys marked therein, in the corporation of Wenona; and second, do the words, "reserving streets and alleys, according to recorded plat of the town of Wenona," in the deed of the Illinois Central Railroad Company to Hill, prevent the transfer of the fee in such streets and alleys, subject to the easement of the public therein, by that deed.

*First*—Bearing in mind that acknowledgments of instruments affecting title to or interests in realty were unknown to the common law, and are purely of statutory origin, it will be obvious that whether, in a given case, an acknowledgment is

effective, depends entirely upon whether it is taken and certi-
fied in the manner and by the person within the contemplation
of the statute. The statute in force when this plat was made
was the revision of 1845. By that revision one mode is pro-
vided for taking acknowledgments of town plats, and another
and different mode is provided for taking acknowledgments
of deeds and other instruments for the conveyance of real
estate. The former are to be acknowledged before "a justice
of the Supreme Court, judge of a circuit court, or a justice
of the peace;" while the latter are to be acknowledged before
"any judge, justice, or clerk of any court of record in this
State having a seal; any mayor of a city, notary public, or
commissioner authorized to take the acknowledgment of deeds,
having a seal, or a justice of the peace." See Rev. Stat. 1845,
chap. 24, sec. 16, chap. 25, sec. 20; 1 Purple's Stat. 1856,
pp. 156-176; Gross' Stat. 1868, p. 103, sec. 16, p. 118, sec. 20.

It may be that there is nothing in the character of the
instruments which would preclude a uniform system of ac-
knowledgment for all, and we may concede that it would,
therefore, have been competent for the General Assembly to
have so provided, either by assigning that duty to courts, to
persons exercising *quasi judicial powers*, or to persons arbi-
trarily selected and named for that purpose, without reference
to any official position; but it would have been equally compe-
tent to have dispensed with acknowledgments altogether, and,
in the matter of town plats, to have provided that the simple
causing of the plat to be made and recorded, should, *ipso facto*,
vest the fee of the streets and alleys in the municipality, with-
out reference to any acknowledgment whatever. But these are
all legislative questions, with which we have nothing to do, it
being our province, solely, to inquire, what has the General
Assembly enacted in this respect?—not, why has it enacted it.

In the enactments referred to *supra*, the General Assembly
did not assume to vest the power to take acknowledgments in
persons exercising the same classes or grades of powers, for

there is no more dissimilarity between the powers exercised by any officers under our government, than between those exercised by the judges, mayors, notaries, clerks, commissioners and others, who are empowered to take acknowledgments of deeds. The enumerated officers are empowered to take acknowledgments of deeds, not because the act of taking acknowledgment is germane to any particular power inhering in the office they hold, but simply and only because the General Assembly has, in the exercise of plenary legislative authority in that respect, arbitrarily designated them for that purpose, just as it has, since, designated masters in chancery, and might have designated aldermen and constables.

The language of the statute in relation to the acknowledgment of plats, to which we have referred, is first found in an act approved January 4, 1825, (Revised Laws 1829, p. 184,) and it remained unchanged until the revision of 1874. The language of the statute in relation to the acknowledgment of deeds and other conveyances of real estate, has, however, often been changed, so that different acknowledgments may have been properly taken, from time to time, before persons who had no authority to take acknowledgments at prior times. Thus, by the act in relation to conveyances, approved January 31, 1827, (Rev. Laws of 1827, p. 98, sec. 9,) deeds and other conveyances of real estate were required to be acknowledged before "one of the judges of the Supreme or circuit court of this State, or before one of the clerks of the circuit court, or before one of the justices of the peace of the county ;" and it was not until two years after that statute was in force that the legislature enacted, by an amendment approved January 22, 1829, (Laws of 1829, p. 24, sec. 1,) that notaries public, mayors, and certain other designated officers, should, in addition to those enumerated therein, be empowered to take acknowledgments.

No one will pretend that the acknowledgment of a deed before a notary public or a mayor, taken before the 22d of

January, 1829, could have had any validity, and this, for the plainly obvious reason that no power to take acknowledgments was conferred upon a class of officers to which they belonged, nor upon them by specific designation,— and precisely the same is to be said of the acknowledgment of this plat before a notary public. The power conferred by the statute in relation to conveyances does not extend beyond the class of instruments which are the subject of that statute, and the statute in relation to town plats neither expressly nor by necessary implication includes notaries public. By the revision of 1874, the General Assembly has provided that town plats are to be "acknowledged in the same manner that deeds of land are required to be acknowledged." But this is palpably a radical amendment and change of the prior law, and it has no retroactive effect.

It necessarily follows, that, in our opinion, the acknowledgment of the plat before the notary was a nullity, and the plat, therefore, did not operate to vest the *fee* of the streets and alleys in the municipality. See, also, *Gosselin* v. *Chicago*, 103 Ill. 623; *Thomas* v. *Eckard*, 88 id. 593; *Village of Auburn* v. v. *Goodwin*, 128 id. 57.

*Second*—While the plat was not a conveyance of the *fee*, it was evidence tending to prove a common law dedication, which we have held vests an easement in the streets and alleys in the municipality. *Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley*, 67 Ill. 439; *Maywood Co.* v. *Village of Maywood et al.* 118 id. 61.

It is often difficult to distinguish between an exception and a reservation in a deed, and the words "reserving" and "excepting" are not conclusive in determining which is intended. The character and effect of the provision itself, in which such words occur, must determine what is intended. It is sufficient, for the present, to say that an exception in a deed withholds from its operation some part or parcel of the thing, which, but for the exception, would pass, by the general description,

to the grantee. A reservation in a deed, on the other hand, is the creation of some new right, issuing out of the thing granted, and which did not exist before as an independent right, in behalf of the grantor, and not of a stranger. Coke's Littleton, 47 a; Sheppard's Touchstone, 77, *80; 2 Washburn on Real Prop. (2d ed.) 693, *646, sec. 67; Tiedeman on Real Prop. sec. 843.

If, here, there had been no public easement in the streets and alleys, and the company had desired to retain for its servants and employes a private way across the land conveyed, it would have been a reservation. It would have been the creation of a new right, issuing out of the thing granted, in behalf of the grantor. But the streets and alleys were already in existence. The municipality had an easement in them for the public. The land occupied by them was included, by the terms of the deed, in the general description of the property conveyed, and hence, but for the provision withholding them from its operation, they would have been included in the grant. *Beach* v. *Miller*, 51 Ill. 207.

The language of the deed could only be held to withhold the *fee* of the streets and alleys from its operation upon the hypothesis that, "according to recorded plat of town of Wenona," the fee of the streets and alleys is vested in the municipality, for that is the measure of what is withheld from the operation of the deed; and therefore, since "according to recorded plat of town of Wenona" an easement, only, in the soil of the streets and alleys is vested in the municipality, for the use of the public, that, only, is withheld from the operation of the deed. Nothing, therefore, was retained in the railroad company which could subsequently pass by its quitclaim, and when the alley was vacated the easement was terminated, and there was nothing to revert to the railroad company.

The judgment is affirmed.

*Judgment affirmed.*