### ISAAC DEAN
*v.*
### EDWARD F. GORTON, Trustee.

*Opinion filed February 17, 1899.*

EJECTMENT—*sufficiency of proof to authorize recovery.* Plaintiff in ejectment having proved title in himself from a common source with that of the defendant may rest, as against a plea of not guilty, and is entitled to judgment without proving when the defendant took possession, if no further evidence is introduced.

APPEAL from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

CHARLES PICKLER, for appellant.

EDWARD F. GORTON, and GEORGE W. BROWN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee brought his action of ejectment against appellant, who pleaded not guilty. On trial without a jury finding and judgment were in favor of appellee. Motion for new trial was overruled and this appeal is prosecuted.

The contention of appellant is, that the appellee did not prove the time when appellant took possession. It appears, from the evidence, both derived title from a common source. That common source made a trust deed conveying to appellee, as trustee, the land in controversy to secure certain notes and coupon notes. Default was shown in the payment of interest, and a foreclosure was had and a decree of sale entered. "It is a familiar principle that, after condition broken, ejectment may be maintained by the mortgagee against the mortgagor, or those to whom he may have assigned the equity of redemption." (*Taylor* v. *Adams*, 115 Ill. 570; *Pollock* v. *Maison*, 41 id. 516; *Hall* v. *Lance*, 25 id. 250.) With evidence of the title of both being derived from a common source, and plaintiff's title from that source being shown, plenary proof is made under a plea of not guilty only. Neither possession by defendant, nor any title or interest in him in the property, need be proved by the plaintiff. (*South Park Comrs.* v. *Gavin*, 139 Ill. 280.) Appellee having established his own title and that both claimed the land in the declaration described from a common source, could rest his case, and a right to possession would result, and the facts would warrant judgment in his favor without further evidence. The character of appellant's title was matter of defense.

The judgment of the superior court of Cook county is affirmed. *Judgment affirmed.*