## R. J. BIRGE

*v.*

## THE CITY OF CENTRALIA.

*Opinion filed December 20, 1905.*

1. EJECTMENT—*when plaintiff is prima facie entitled to recover.* Where, in ejectment, the plaintiff and defendant claim through a common source of title, if the plaintiff shows title in himself from such common source he is entitled to recover unless the defendant overcomes, by competent proof, the *prima facie* case of plaintiff.

2. PLATS—*when plat is not good as a statutory plat.* A plat acknowledged by a commissioner of deeds of the State of Illinois in the State of New York is not a good statutory plat, and does not have the effect to convey to the city the fee to the streets, alleys and other public grounds shown in the plat.

3. SAME—*blank space, having no designation, does not show a dedication.* A blank space on a plat, which is not designated as any street, alley or other public ground, does not show a dedication and does not sustain a city's claim of a common law dedication where there is no proof of an intention by the grantor to dedicate the land to public use and an acceptance thereof by the public for such use.

4. DEDICATION—*acceptance after withdrawal is without force.* Even if a plat constitutes, on its face, an offer to dedicate to the city land represented by a blank space, a conveyance of the land by the proprietor operates as a withdrawal of the offer, and subsequent acceptance by the city is without effect.

APPEAL from the Circuit Court of Marion county; the Hon. TRUMAN E. AMES, Judge, presiding.

W. F. BUNDY, for appellant.

CHARLES F. DEW, and J. J. BUNDY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of ejectment, brought in the circuit court of Marion county by R. J. Birge against the city of Centralia to recover a triangular piece of land situated in Railroad addition to Centralia, which is bounded on the south by the north line of Fourth North street, on the west

by the east line of Pine street and on the east by the west
line of Cemetery avenue. The tract is something like sev-
enty feet wide at the north line of Fourth North street, and
runs north to a point where Pine street and Cemetery ave-
nue come together near Fifth North street. The follow-
ing diagram indicates the situation of the premises and the
streets, blocks and alleys which immediately surround it:

The plea of not guilty was filed, and a jury was waived and a trial was had before the court, which resulted in a finding and judgment in favor of the city, and the plaintiff has prosecuted an appeal to this court.

Plaintiff, on the trial, filed an affidavit that he claimed title to the premises through a common source with the defendant, viz., the Illinois Central Railroad Company, and to show title in himself introduced in evidence a deed from the Illinois Central Railroad Company to A. A. Hubbard, bearing date May 10, 1904, purporting to convey said premises to Hubbard, and a deed from A. A. Hubbard and wife to R. J. Birge, bearing date March 16, 1905, purporting to convey said premises to himself, and rested; whereupon the defendant, to show title in the city, offered in evidence the plat, and certificates attached thereto, of Railroad addition to Centralia, which addition was platted by the Illinois Central Railroad Company in the year 1859 and the plat recorded; also certain deeds from the Illinois Central Railroad Company to various grantees, showing the conveyance by said railroad company, shortly after the land was platted and the plat filed for record, of blocks 122, 123, 130 and 131; also proof that the city had improved Fourth North street, Pine street and Cemetery avenue adjoining said premises and that said streets in the vicinity of said premises were lighted by the city. It further appeared that the property in question, for many years after the land was platted, was vacant and was used by the public as a cow pasture; that it was subsequently occupied for a number of years by a colored man by the name of Jackson, who had a small house situated thereon in which he lived, and that thereafter it was used by a man by the name of Nichols, who had it in cultivation. It seems to have been conceded the city was in possession, but the record is silent as to the date when it took possession, or what use it had made or was making of the premises at the commencement of the suit or at the date of the trial.

The plaintiff and the defendant claimed title to the said premises from a common source, and plaintiff having shown title in himself from that common source he was entitled to judgment unless the defendant overcame the *prima facie* case made by the plaintiff by competent proof. (*Dean* v. *Gorton,* 177 Ill. 624.) This was sought to be done by proof that the premises in question had been dedicated to the city by the Illinois Central Railroad Company. The plat offered in evidence was acknowledged before a commissioner of deeds of the State of Illinois in the State of New York, and the plat was not, for that reason, a good statutory plat, (*Gould* v. *Howe,* 131 Ill. 490,) and did not have the effect to convey to the city the title to the streets, alleys and other public grounds shown upon the plat. If, therefore, a dedication exists in this case it must be by virtue of the common law and not by virtue of the statute. The question therefore is presented for decision, was there shown here a good common law dedication of said premises by the Illinois Central Railroad Company to the city of Centralia?

The space upon the plat where the premises in question are located is blank,—that is, said premises are not platted as a street, alley or as public grounds. Neither are they platted as a block or lots. Although a plat, by reason of its defective acknowledgment, may not be good as a statutory plat, still if a land owner plat ground as an addition to a village or city and place the plat of record, and he indicate thereon, by proper name and description, the streets, alleys and public grounds in said addition, or by any proper designation clearly indicates upon said plat that portions thereof are set aside and intended for a specific public use, such plat, though not in conformity with the statute, will be deemed an offer on the owner's part to dedicate to public use the portions shown on the plat to have been set aside for the use of the public. (*Trustees of First Evangelical Church* v. *Walsh,* 57 Ill. 363; *Gould* v. *Howe, supra.*) If, however, all that appears upon the face of the plat is a blank space, and there is nothing to

show that the land covered by said blank space has been devoted to a public use, it cannot be held, from the face of the plat alone, that the owner intended, by the making and recording of the plat, to devote the premises represented by the blank space upon the plat to a public use.    In *Village of Princeville* v. *Auten,* 77 Ill. 325, the proprietor, in laying out and platting the village of Princeville, left a square blank upon the plat without any designation of its purpose, unless that purpose was indicated by the fact that the block was not subdivided into lots.   It was there held that the plat, without proof of the intention of the proprietor in laying out said block, did not show an intention on his part to dedicate the premises represented by said block to the village for a public use.    And in *City of Chicago* v. *Drexel,* 141 Ill. 89, certain premises were platted along the lake shore, in the town of Lake View, as an addition to said town.   On the plat a strip was left between the platted blocks and the shore line of Lake Michigan.   Nothing was placed upon the plat to indicate an intention to devote said space to a public use, and it was held that said plat did not amount to an offer to dedicate said strip to the town of Lake View as a public street.   In the article on "Dedication" found in volume 9 of the American and English Encyclopedia of Law (p. 60) the author says: "To show a dedication it should clearly appear that the owner intended to give the land to the public.   It is not sufficient that some private use is not shown; and no presumption that the owner intended to deprive himself of his land can be relied upon to explain any ambiguities or uncertainties.   The particular use for which the land was intended must plainly appear."   This statement is well supported by authority, and we think is a correct declaration of the law upon the subject.

To prove a common law dedication, both an intention on the part of the owner of the land to make it and an acceptance of such dedication by the proper authorities must be shown, and the proof as to those facts must be clear and un-

equivocal. (*Grube* v. *Nichols,* 36 Ill. 92; *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 id. 561; *Town of Wheatfield* v. *Grundmann,* 164 id. 250.) It is also held that a dedication of land to a public use must result from an active, and not a passive, state of the owner's mind, and that a mere non-assertion of a right will not establish a dedication, unless the circumstances are such as to show a purpose to dedicate the land to a public use. (*City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co. supra.*) The plat found in this record does not designate the premises in question as having been set aside as a street, square or common, or devoted to other public use, and in view of the foregoing authorities, the plat not having been supplemented by proof as to the intention of the proprietor at the time he made the plat, as it was in *Village of Princeville* v. *Auten, supra,* we are unable to reach the conclusion, from an inspection of the plat alone, that there is shown upon its face any intention on the part of the Illinois Central Railroad Company, by virtue of the plat, to dedicate the premises in question to the city for a public use. In a note following the quotation from the American and English Encyclopedia of Law heretofore made, it is said: "That a space is left blank on a plat, with no designation of its purpose, does not show a dedication. The purposes for which it is dedicated should be clearly apparent." Does the purpose clearly appear here? If it is said the purpose was to widen the street at the point where said premises are located, then the dedication must fail, for the premises have never been used as a street and there has never been an acceptance by the city for that purpose. If it is said it was for some other public purpose, the question arises, what public purpose? There is no proof that there has been any acceptance for any purpose. If the railroad company intended to dedicate said premises to the city for a specific public purpose, although the plat was silent as to the purpose and other evidence in connection with the plat showed that purpose

and that the city had accepted the premises for that purpose, then, under the authority of *Village of Princeville* v. *Auten, supra,* the dedication would be complete and the city entitled to hold the premises; but as the plat does not specify any purpose for which the premises were dedicated, and there is no proof to show any intention to dedicate the same to a specific public use by the original proprietor or an acceptance for any specific public use by the city, under the authority of *City of Chicago* v. *Drexel, supra,* there was no dedication. If it were conceded there was an offer to dedicate, if, however, before the offer was accepted it appeared it was withdrawn by the original proprietor, after such withdrawal a subsequent acceptance would be fruitless to complete the dedication. In the *Drexel case* it was held that a conveyance by the original proprietor before an acceptance by the city was a withdrawal of the offer to dedicate.

We are of the opinion the *prima facie* case made by the plaintiff was not overcome by the proof offered by the defendant. The judgment of the trial court will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*