ABRAM. POOLE *et al.* Appellees, *vs.* THE CITY OF LAKE
FOREST, Appellant.

*Opinion filed February 19, 1909.*

1. DEDICATION—*leaving of blank space in a plat does not show intention to dedicate to public.* The leaving of a blank space on a plat, without any designation of its purpose, is not sufficient proof of an intention of the owner to dedicate to public use the premises represented by such blank or undesignated space.

2. SAME—*conveyance of premises is inconsistent with an intention to dedicate to public.* A conveyance by the owner of a tract of land represented on his plat of adjacent territory by a blank space having no designation to indicate its purpose, is inconsistent with an intention to dedicate to public use the premises represented by such blank space.

3. SAME—*what does not show a right of user by prescription.* Proof that a strip of beach lying between lot lines and the shore of a lake, which strip was left unmarked on the plat of the territory, was used by the public to some extent for picnics, bathing and fishing, and that people occasionally walked or drove there, and that teamsters hauled sand therefrom until the owner secured an injunction against them, does not establish a right of user by the public, there being no defined line of travel.

4. SAME—*effect where land is not listed for taxation.* The fact that a strip of land represented by a blank space on a plat is not listed for taxation is an evidentiary fact which may be considered as tending to show the premises were regarded as public property, but it is not conclusive upon the owner as to such question.

5. POSSESSION—*when paper title is evidence of extent of possession.* Where one is in actual possession of part of a tract of land, claiming to be the owner of all of it, the paper title under which he claims is evidence of the extent of his possession.

6. SAME—*what acts are sufficient to show actual possession.* Proof of the exercise of such acts of ownership over property as might reasonably be expected in view of the nature and situation of the premises is, all that the law requires to show actual possession.

APPEAL from the Circuit Court of Lake county; the Hon. C. H. DONNELLY, Judge, presiding.

DAVID FALES, and SMOOT & EYER, for appellant.

238—20

HENRY N. TUTTLE, and HAMLIN & BOYDEN, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a bill filed by Abram Poole and others to quiet their title and to remove as a cloud therefrom the claim of the city of Lake Forest to a parcel of land located between the east line of lots 30 and 31 and the western shore of Lake Michigan.

In 1857 the trustees of the Lake Forest Association, being possessed, as trustees, of sundry lands in townships 43 and 44 in Lake county, bordering on Lake Michigan, made a subdivision of said lands into a town fronting on Lake Michigan. They divided the lands into lots for private ownership, and into streets, lanes, alleys and parks for public use. The plat made by said trustees is the original map of the city of Lake Forest. This plat shows a frontage of the city on Lake Michigan of more than thirteen thousand feet. The shore or beach of Lake Michigan opposite the city of Lake Forest consists of a sloping, sandy beach, extending from the water line back for a distance of from a few feet to about one hundred and fifty feet to an abrupt bluff, which is from fifty to seventy-five feet higher than the high point of the sand beach below. By the plat made it is stated that all lots fronting on the lake should only extend to the top of the bluff. Lake avenue is laid out on top of the bluff and parallels the shore of Lake Michigan practically from the northern to the southern limits of the city. At some points Lake avenue is far enough from the crest of the bluff to allow a tier of lots, which are platted, fronting on Lake avenue on the west and extending to the bluff on the east. Such lots were platted north from Deerpath avenue and south from Rosemary avenue. Between these points no lots were platted between the lake and Lake avenue, and the open space left between the water line and

the avenue is designated as Forest Park. There are, how-
ever, no words on the map indicating what the beach strip
north of the north line of Forest Park and south of the
south line of the said park was intended to be used for.
Lots 30 and 31 are located between the bluff and Lake ave-
nue and are a considerable distance north from the north
end of Forest Park. Lots 30 and 31 were purchased by
Abram Poole in 1880. Upon these lots Poole constructed
a residence, which has been used and occupied by him and
his family, either as a summer residence or as a permanent
residence, all of the time since the residence was completed.
Abram Poole testifies that when he first purchased this prop-
erty he supposed that lots 30 and 31 extended to the water's
edge. Under the belief that he was the owner of the beach
strip east of his lots Poole exercised acts of ownership over
the premises down to the lake shore. He shored up the
north-east corner of lot 30, built a bath house down near
the water's edge and used the land as his own from the
time he acquired the title to lots 30 and 31. The trustees
of the Lake Forest Association conveyed the beach strip in
question to the trustees of Lake Forest University. On
October 29, 1894, it having been discovered that Poole had
no deed to the shore strip east of his lots, the trustees of
Lake Forest University executed a quit-claim deed convey-
ing all right, title and interest in and to the premises in
controversy in this suit to Abram Poole. After obtaining
this deed Poole continued to exercise acts of ownership
over the premises and expended considerable money thereon
for timbers to keep the bank from raveling down, and on
the north-east corner he placed heavy timbers to keep the
waves from encroaching on the bluff, and did other work,
such as setting out trees along the bluff, putting in tile
drains down the bluff to prevent washing, and hauling a
large quantity of dirt from other places and tamping it into
the bluff. He made improvements more or less valuable

every year during the twenty-seven years that he has had possession of the premises in question.

It will be seen from the foregoing statement that the title to the premises in question is in the Pooles. The trustees of Lake Forest University were made parties to this suit but they make no claim to the premises. They have been defaulted and the bill taken as confessed against them. The city of Lake Forest claims that the beach strip in question was dedicated to the public in 1857 by the trustees of the Lake Forest Association. The city also claims that if there was no valid dedication of the premises to the public the public has acquired an easement in the premises by continuous adverse use for more than twenty years. The court below found against the city of Lake Forest and entered a decree in accordance with the prayer of the bill. This appeal is prosecuted to reverse that decree by the city of Lake Forest.

The contention of appellant that the beach strip opposite lots 30 and 31, and other lots similarly situated, was dedicated to the public by the trustees of the Lake Forest Association is largely based upon the statement in the plat that the lake front lots extended only to the top of the bluff, and that the space between the top of the bluff and the water line is left without any indication on the plat that it was intended for private ownership. The space upon the plat where the premises in question are located is neither platted as lots or as a street, alley or public grounds. The fact that the plat recited that lake front lots extend only to the bluff and that the space between the bluff and the water line is left unplatted is relied on by appellant as evidence of an intention on the part of the original owners to dedicate these premises to the public. The mere leaving of a blank upon the plat without any designation of its purpose cannot be held sufficient proof of an intention of the owner to dedicate the premises represented by such blank or undesignated space to public use.

In *City of Chicago* v. *Drexel,* 141 Ill. 89, certain premises were platted along the lake shore in the town of Lake View as an addition to said town.   On the plat a strip was left between the platted blocks and the shore line of Lake Michigan.   Nothing was placed upon the plat to indicate the intention to devote said space to public use, and it was held that said plat did not amount to an offer to dedicate said strip to the town of Lake View as a public street nor show a dedication.   To establish a dedication it should clearly appear that the owner intended to give the land to the public.   It is not enough to show that it is not intended for private use.   The particular use for which the land was intended must plainly appear.

A situation very similar to that presented in the *Drexel case* was again before this court in *Mason* v. *City of Chicago,* 163 Ill. 351, and the doctrine of the *Drexel case* was re-affirmed; and in the more recent case of *Birge* v. *City of Centralia,* 218 Ill. 503, this court again re-affirmed the doctrine of the *Drexel case,* and there held that the mere making of a plat leaving certain parts of the premises without any designation of the use to which they were to be put was not sufficient evidence of an intention to dedicate such premises to the public.

In our opinion these cases are conclusive against appellant's contention that the plat operated as a dedication of these premises to the public.   There is nothing on the face of the plat offered in evidence in this case from which an intention to dedicate the premises in question to the public can be claimed.   If the trustees of the Lake Forest Association had desired to dedicate this beach strip to the public for a highway or a park along the beach it is reasonable to suppose that they would have so designated it upon the plat.   It will be seen by reference to the plat itself that Mayflower Park, University Park, Academy Park and Forest Park are all clearly designated upon the face of the plat.   Forest Park extends from Lake avenue to the shore

of Lake Michigan, but it does not extend north so as to embrace the shore strip east of the platted lots between Lake avenue and the bluff. In 1875 the trustees of the Lake Forest Association made a conveyance to Lake Forest University of the entire shore strip, except that part of it immediately adjacent to Forest Park. This act of the trustees of Lake Forest Association is inconsistent with an intention on their part to dedicate this strip to the public. It may well be that the trustees of the Lake Forest Association had not fully determined what disposition to make of the beach strip when the plat was made and recorded. It may be that it was reserved with the intention to ultimately dedicate it to the public should the future needs of the city make such course desirable. Whatever may have been the original purpose, the fact remains that the Lake Forest Association conveyed this beach strip to the Lake Forest University and the trustees of the university conveyed it to the present owners. The evidence in this record being wholly insufficient to establish a dedication or an offer by the owners to dedicate the premises to the public, it is unnecessary to consider the question whether there has been an acceptance of such offer by the public.

It is contended, however, by appellant, that, independently of the question of a dedication of the lots in question, the right to use them for public purposes has become vested in the city of Lake Forest by prescription, and that for this reason the decree of the court below should be reversed. The evidence in support of this contention shows that the strip in question was used, to some extent, for the purpose of picnics, fishing, bathing, and other similar purposes. People from the village and elsewhere walked on the beach occasionally on Sundays and sometimes in the evenings. There is some evidence that occasionally a carriage would be seen driving along the beach. The principal use, however, that was made of the strip was by teamsters hauling sand from the beach. There was no road or street over the

premises and persons who went there drove or walked indiscriminately, wherever they saw proper to go. The city of Lake Forest never expended any money or labor in the construction or maintenance of the premises, either as a street or park. The evidence simply shows that the owner of these premises, whose residence was on the bluff above, acquiesced in the use of this beach by the public so long as such use did not interfere with his own rights. The evidence shows that the owner obtained an injunction against teamsters and stopped them from hauling sand across these premises. These premises were unenclosed, and persons passing up and down the lake shore under the bluff, either for purposes of pleasure or business, would necessarily cross over the premises in question, but it is not contended that the travel was extensive nor was it confined to any particular well defined line. In Elliott on Roads and Streets (2d ed. sec. 176,) it is said: "The public cannot acquire a prescriptive right to pass over land generally, and where a highway is claimed by prescription, a certain and well defined line of travel must be shown." This rule has been approved as the law of this State. *Town of Bethel* v. *Pruett*, 215 Ill. 162.

Appellant points out the fact that the beach strip in question had never been listed for taxation and that no taxes have been paid thereon by anyone, and contends that this fact proves that the premises in question were regarded as public property. The law does not demand the forfeiture of title simply because the owner of property does not cause it to be listed for taxation. The utmost that can be claimed by appellant from this circumstance is, that the failure of the public authorities and the owner to have the premises listed and taxed is an evidentiary fact tending to prove that the premises were regarded as public property. This fact, while entitled to consideration and due weight, is not conclusive upon the owner. As bearing upon this branch of the case appellant cites and relies upon the case of *Owen* v.

*Village of Brookport,* 208 Ill. 35, where this court had under consideration the question whether a strip of land in front of the village of Brookport and between the front tier of lots and the Ohio river had been dedicated to the public as a street or highway. In front of a tier of lots fronting toward the Ohio river was an open space of ground marked on the plat "Water street," and the question involved was whether Water street extended to the water's edge or to the top of the bank, only. In that case, as in the one at bar, the strip of land in question had not been listed for taxation by the persons who set up title against the public. The action was a proceeding in chancery for partition, and upon an appeal to this court the facts were, of course, open for consideration. In discussing the evidence in its bearing upon the question at issue attention is called to the failure of the claimant to have the premises listed for taxation. All that is there said, however, upon this point must be regarded merely as the conclusion of the court upon a question of fact. It is true that the conclusion there reached was that the *locus in quo* was a street, but the decision did not rest alone upon the failure to list the land in question for taxation. Other evidence not necessary to recapitulate here was in the record of that case which satisfactorily showed an intention to dedicate the premises to the public and that the same were accepted and used by the public for nearly half a century before the suit was brought. There are no rules of law laid down in that case that conflict with the conclusions we have reached in the case at bar.

Appellant finally contends that the averment in the bill that the appellees were in possession of the strip of land in question is not sustained by the proofs. We cannot assent to this contention. Appellees were in actual possession at least of that portion of the premises occupied by the bath house. They were claiming under a paper title which described accurately the premises involved in this suit. Where

a party is in the actual possession of a part of a tract or a piece of land claiming to be the owner of all of it, the paper title under which he claims is evidence of the extent of his possession. Aside from this, we think that the evidence sufficiently shows that appellees were in the actual possession of all of the premises. The evidence shows that such acts of ownership were exercised over this property as might reasonably be expected in view of the nature and situation of the premises. This is all that the law requires in this regard.

Finding no error in the record the decree of the circuit court of Lake county is affirmed.       *Decree affirmed.*