## BEACH REALTY COMPANY, RESPONDENT, v. CITY OF WILDWOOD, APPELLANT.

Argued October 29, 1928—Decided February 4, 1929.

317

For the appellant, *Jonathan Hand* and *Clarence L. Cole*.

For the respondent, *Bourgeois & Coulomb*.

The opinion of the court was delivered by

WALKER, CHANCELLOR.  This was an action of ejectment in the New Jersey supreme court, and was tried at the Cape May county circuit before Judge Sooy and a jury. At the conclusion of the whole case counsel for plaintiff moved for the direction of a verdict in its favor, and counsel for defendant did the like.  Thereupon the court stated there was no evidence to justify the jury in finding there was a dedication of the land in question nor any that would justify a finding that there was a right in defendant or the public by prescription and plaintiff having proved right to possession by virtue of its title as well as by virtue of the expiration of the lease to defendant, and the question being devoid of facts which would require the case to be submitted to the jury, overruled the motion of defendant, and directed a verdict in favor of the plaintiff.  To this the defendant prayed an exception, which was allowed.  The jury then returned a verdict for the plaintiff and against the defendant by direction of the court, and thereupon judgment was entered that plaintiff "do recover of said defendant * * * possession of the premises mentioned and described in the complaint," &c.  The plaintiff submits that the complaint was grounded on the written lease between the parties with expiration of the term as the basis of the action; produced

the lease, and then proceeded to prove title as in the ordinary common law action of ejectment.

The complaint averred that prior to January 1st, 1920, it was the owner of the lands and premises therein described, and that on January 4th, 1927, it entered into a lease with defendant, leasing unto it all those several parcels of land already mentioned; that the lease was for the term of one year and expired January 4th, 1928; that defendant held over and remained in possession of the lands and premises against the will of the plaintiff, and kept plaintiff out of possession, depriving it of rents and profits thereon; that plaintiff's right to possession accrued January 5th, 1928. The lease and also a resolution of the city of Wildwood, defendant, authorizing the execution of the lease, which was complied with by the proper officers, was in evidence. There was no count alleging unlawful entry upon the premises, but the court received evidence of title from the plaintiff over objection by defendant, and granted an exception thereon. Notwithstanding this, defendant tried the case of ownership on its merits, and this waived the objection.

The first contention made by the defendant on this appeal is that there was no demand for possession made by the plaintiff, which, it is claimed, was necessary if the relation of landlord and tenant existed; but in *Den* v. *Adams,* 12 *N. J. L.* 99, it was held by the supreme court: "When a tenant whose term has expired by efflux of time, instead of quitting the premises as he ought to do, remains in possession, holding over, he is a wrong-doer, and may be treated as such by the owner, his landlord; and the landlord may immediately maintain an ejectment to recover the possession without giving a notice to quit." The lease expired January 4th, 1928, and plaintiff brought its suit March 7th, 1928, two months and two days after its right to possession accrued. At page 103 it was said: "It would be a perversion to suppose the commentator [Kent] meant that on a lease for a year, the landlord must enter or sue, at the instant of its expiration; that one moment's possession in the new year would secure the tenant for that year, or that the landlord might

not abstain, for a day, a month, or even a longer period. How otherwise could there be an estate at sufferance?" In this case the defendant did not continue in possession by any new agreement with the plaintiff nor did the plaintiff do any act whatever from which a renewal of the lease or consent to the tenant's holding over, could be inferred; the tenant was therefore no more than a tenant at sufferance, and not entitled to notice to quit. And in *Leonard* v. *Spicer Manufacturing Co.*, 103 *N. J. L.* 391, this court cited with approvel the case of Den *v.* Adams. Two months and two days after expiration of lease before ejectment brought is not of itself evidence of consent by owner to former tenant holding over.

It is next contended that the relation of landlord and tenant did not exist because the city was without power to enter into the lease. There was testimony showing that the lease covered the lands described in the complaint, but it is stated that the commissioners were not justified in passing the resolution authorizing the execution of the lease, and, representing the public, the city was not bound by this act, which was *ultra vires.* The answer is two-fold: *First,* because if the lease were *void* the defendant never was tenant at all, but a mere trespasser; and, *second,* the city was authorized to enter into the lease by *P. L.* 1917, *p.* 455, *art.* 37, § 1 of the Home Rule act, which provides:

"Where, by any provision of this act, a municipality is empowered to acquire lands or to \erect or construct\ any building for any purpose, such municipality shall have power to lease or hire any lands or building or buildings suitable for such purpose."

And at page 365, by article 18, section 1:

"Every municipality shall have power to hire, purchase, erect or otherwise acquire, and maintain, such building or buildings as may be necessary and suitable for the transaction of municipal business, the location of public offices and for the use of any department or departments, officer or officers of such municipality, or for any other municipal or public use or purpose whatsoever, and from time to time, as may be

necessary, to repair, alter, enlarge or rebuild any such building, and to furnish and equip the same with the necessary furniture and equipment for the proper use thereof, and to repair and renew such furniture and equipment from time to time as may be necessary."

Now, by the express terms of the lease formally executed and entered into by both parties, it is recited:

"That the Beach Realty Company, a corporation created by and existing under and by virtue of the laws of the State of New Jersey, has and does, on this 4th day of January, 1927, lease and rent unto the city of Wildwood, in the county of Cape May, all those several certain pieces or parcels of land now at this time occupied by the said city of Wildwood in the second and third wards in said city, upon which it [the said city] has erected and maintained the several structures known and designated as 'Lost Children's Pavilion,' 'Emergency Hospital,' 'Rest Room,' all for public use."

Therefore, the city was expressly maintaining these buildings for public use and formally entered into and accepted the lease, thus falling directly with the provisions of the Home Rule act just mentioned. And execution of the lease and possession of the demised premises is evidence that defendant itself regarded the plaintiff as having both title and the right of possession.

The second point raised on behalf of the defendant was that the trial judge was not authorized to direct a verdict for the plaintiff on proof of title to the land, irrespective of the lease, because it had not pleaded it. But appellant can take nothing by that reason, for having gone to trial upon the merits of the very question, it is concluded on that score. *Laure* v. *Singer,* 100 *N. J. L.* 98.

Defendant in the next point in its brief states that the two deeds to the plaintiff cover the land in question. Those deeds were, one of August 26th, 1907, from Holly Beach Improvement Company to plaintiff, the Beach Realty Company, and the other, April 24th, 1907, from Holly Beach Improvement Company to the same, and the plaintiff not only proved title but possession; and defendant's possession

being mere holding over under an expired lease, a verdict was properly directed in favor of the plaintiff.

The next and last question raised by defendant-appellant was one of dedication, it being contended that the land in question was dedicated to public use and gave appellant the right of possession, and, in any event, that part of the land described in the complaint lay within the line of Beach avenue, which admittedly had been dedicated, and that recovery could not be had as to that. If defendant claimed that plaintiff could not recover for lands within the line of Beach avenue already dedicated, he should have objected and called the court's attention to that, when doubtless an amendment would have been ordered pending the trial, but, in aid of a judgment amendment may be ordered by this court. *Giardini* v. *McAdoo,* 93 *N. J. L.* 138; see, also, *Kapherr* v. *Schmidt,* 98 *N. J. L.* 803, 805. An appellate court, to sustain a judgment, may mold a verdict itself and affirm accordingly. *Boniewsky* v. *Polish Home of Lodi,* 103 *N. J. L.* 323.

In *Rogers* v. *Warrington,* 90 *N. J. L.* 653, this court held that the fee in lands over which highways have been laid is in the abutting owner, and that he may maintain an action of ejectment against any person wrongfully taking or claiming exclusive possession of the same. Now, that part of the land which the plaintiff has recovered in this case which lies within the bounds of Beach avenue is of course subject to the dedication of the highway, and in nowise disturbs the public's right of easement therein.

The deeds to the Beach Realty Company conveyed the lands in question; and if any part were under water at the time the deeds were made, and if the submerged land did not pass to the Beach Realty Company because it was under water at the time, nevertheless, the accretions belong and became vested in it by virtue of the general warranty in those deeds. In *Moore* v. *Rake,* 26 *N. J. L.* 574, it was held: "The deed of a person not entitled to the land at the time it was made, if it contain a covenant of general warranty, operates, by way of estoppel, to convey any estate to which he at any time afterwards becomes entitled, and which would otherwise descend to his

heirs." See, also, *Kane* v. *Lodor,* 56 *N. J. Eq.* 268, 273. When land conveyed binds on the ocean the grantee is entitled to subsequent accretions. *Ocean City Association* v. *Shriver,* 64 *N. J. L.* 550, 566; *Ocean City Hotel Co.* v. *Sooy,* 77 *N. J. L.* 527.

As to dedication generally: The plaintiff had exercised acts of ownership over the property, and did no act which could be construed into an intention to dedicate the land to the public, and no prescriptive right of dedication was proved. In 18 *C. J.* 94, it is laid down: "Dedication to public uses is not to be presumed against the owner of land, but must be shown by acts and declarations of the owner, of such public and deliberate character, as makes it generally known, and not of doubtful intention."

Both appellant and respondent cite *Wood* v. *Hurd,* 34 *N. J. L.* 87, as supporting the theory of dedication and non-dedication. That case held that the user by mere license, which is subject at any time to revocation, will afford no foundation from which to presume a gift. Now, all that the public did in this case was to casually walk upon the beach and go bathing in the ocean where the land joins it, and the doing of such like acts; and the appellant itself did no act which amounted to an appropriation of the land against the true owner, and certainly not for a time which would give it a prescriptive right. The claim of dedication fails.

The case of *Poole* v. *City of Lake Forest,* 238 *Ill.* 305, is in point. It has many features of the case under consideration and is an authority for the respondent's position.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.