6 N.J. Super. 262 (1950)
71 A.2d 126
ATLANTIC CITY TRANSPORTATION CO., APPELLANT,
v.
FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1950.
Decided February 2, 1950.
*264 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. J. Dress Pannell argued the cause for the appellant (Mr. Thomas H. Munyan, attorney).
Mr. Joseph A. Murphy argued the cause for the respondent; Mr. Benjamin M. Taub, Deputy Attorney General (Mr. Theodore D. Parsons, Attorney General, attorney).
*265 The opinion of the court was delivered by EASTWOOD, J.A.D.
The Atlantic City Transportation Company appeals from judgments of the Division of Tax Appeals of the Department of the Treasury of the State of New Jersey, affirming two excise tax assessments made by the Director of Taxation for the year 1947, levied under the provisions of paragraph 6, subparagraphs (a) and (b) of P.L. 1940, c. 5 (N.J.S.A. 54:31-50), in effect at that time, and defined by P.L. 1941, c. 21 (N.J.S.A. 54:31-46).
Succinctly stated, these appeals pose two legal questions which are set forth in appellant's brief:
(1) "Whether in the computation of the excise tax under Subparagraph (a), of Paragraph 6, of the Laws of 1940, Chapter 5, as amended (N.J.S.A. 54:31-50), the paved portion of the right of way owned by a street railway corporation, paralleled on either side by an accepted public street, upon which its electric trolley cars are being operated without the issuance of any municipal franchise therefor, and over which pedestrian and vehicular traffic by the public has been permitted by the owner but without interference with the operation of its trolley cars, and never formally dedicated to public use or accepted by the municipality, is properly included as a public place in determining the length of its lines located in public streets or other public places?"
(2) "Whether in the computation of the excise tax under Subparagraph (b), of Paragraph 6, of the Laws of 1940, Chapter 5, as amended (N.J.S.A. 54:31-50), the inclusion of the gross receipts of a street railway corporation from the business of the whole of its lines located in New Jersey, regardless of whether such lines are upon the public streets or other public places or upon private right of way, where only 4.69% of the lines are located in the public streets or other public places, but 98.28% of the gross receipts is computed to have been received from the lines upon private right of way, is unreasonable, unjust, illegal, discriminatory and confiscatory?"
On December 1, 1945, the Atlantic City Transportation Company purchased the properties and took over the operations, rights and franchises of the Central Passenger Railway Company, the Atlantic City and Shore Railroad Company, and the Atlantic City and Ocean City Railroad Company. It continued the operation of its acquired electric trolley lines, to wit: (1) from the Inlet in Atlantic City to Longport, New Jersey, and return, a distance of 8.31 miles, known as the "Atlantic Avenue Division" and (2) the "Ocean City *266 Division" from Virginia Avenue and the Boardwalk in Atlantic City to Eighth Street and the Boardwalk in Ocean City, extending through Pleasantville, Northfield, Linwood and Somers Point, a distance of 16.412 miles.
The appellant is the owner in fee of a strip of ground 24 feet, 3 inches in width, comprising the track and roadbed in the "Atlantic Avenue Division," beginning at the Inlet at Atlantic City and extending through Atlantic City a distance of 3.043 miles. Prior to acquisition by appellant, this portion of appellant's property was assessed by Atlantic City to its predecessors in title as railroad property locally assessable. From Atlantic City, the "Atlantic Avenue Division" continues through Ventnor City, Margate City and the Borough of Longport for a distance of 5.26 miles.
The dedication of Atlantic Avenue as a public street on April 15, 1853, was subsequent to the acquisition of the 24 feet, 3 inch roadbed by the prior owners. At the time of dedication, Atlantic Avenue was laid out as a strip of land on either side of the right of way of the railroad. As the Cities of Atlantic City, Ventnor, Margate and Longport developed, Atlantic Avenue was extended along each side of the railroad property.
The area owned by the appellant in Atlantic City was paved for a distance of 3.043 miles by appellant's predecessor and pedestrians and vehicular traffic were permitted to use the same. Since 1926, by agreement, the transportation company maintains a part of this paving and the City maintains the balance thereof. The balance of the "Atlantic Avenue Division" remains unpaved except for the street intersections and is not accessible to vehicular traffic.
In the "Ocean City Division" the operation is upon the public street on Virginia Avenue of Atlantic City, over the public street of Mississippi Avenue in Atlantic City and the public street of Eighth Street in Ocean City for a total distance of 1.113 miles. The remaining 15.299 miles of that division are either owned in fee by appellant or leased from a private owner, no part of which is in, on or over any "street, highway, road or other public place."
*267 Pursuant to the requirements of R.S. 54:31-51, the appellant reported to the Department of Taxation and Finance that gross receipts from operation of the company's entire lines for the year ending December 31, 1946, amounted to $1,357,061.25, and that the length of company lines as of July 1, 1946, located in, on or over any public street, highway, road or other public place, totaled 1.113 miles and the length of the whole of the company's lines as of July 1, 1946, was 23.722 miles.
The Director of Taxation, in computing the appellant's excise taxes under the applicable statute, determined that the gross income and total mileage of the company's lines were as reported, but that the length of the company lines, as of July 1, 1946, located along, in or over any public street, highway, road or other public place was 4.156 miles. To arrive at that determination, the Director concluded that the 3.043 miles of company lines in Atlantic Avenue came within the statutory definition of "public street, highway, road or other public place" and thereupon assessed a tax against appellant under section 6 (a) of the above-mentioned statute, in the amount of $11,887.59. This computation was arrived at by taking 5% of $237,751.73, which is 17.51% of the gross receipts of $1,357,061.25. The 17.51% is the proportion the 4.156 miles of the company's lines in public streets or other public places bears to 23.722 miles of the company's entire lines, as ascertained by the Director under the formula established by the aforementioned taxing statute.
The Director also assessed a tax against appellant under section 6 (b) of the statute in the amount of $74,746.93, which was calculated by taking 5.508% (the average rate of taxation), of the gross receipts from the whole of appellant's lines amounting to $1,357,061.25.
The appellant challenges the Director's determination that the 3.043 miles of lines located in Atlantic Avenue, Atlantic City, were properly includible under the phrase "other public place," in the computation of the ratio which lines in the "public street, highway, road or other public place," bear to the length of the whole of the company lines.
*268 R.S. 54:31-46 (g) provides:
"(g) `Public street, highway, road or other public place' includes any street, highway, road or other public place which is open and used by the public, even though the same has not been formally accepted as a public street, highway, road, or other public place."
It is clear that the words "public street, highway, road" defined in the foregoing statutory provision, are special words and that "other public place" are general words. In the construction of a statute in which special language is followed by general language, under the doctrine of "ejusdem generis," the special language is definitive of the general language  the general words are not to be construed in their widest sense, but are held to apply only to things of the same general kind or class as those specifically mentioned. Edwards v. Mayor, etc., of Borough of Moonachie, 3 N.J. 17 (1949). We are of the opinion, therefore, that under the facts of this case, the construction to be attributed to the words "other public place" is restricted to those public ways which partake of the nature of avenues for unrestricted travel by the public, akin to those public ways formally laid out and adopted as a "public street, highway, or road," and are not intended to encompass a privately owned property over which travel is permitted by the owner when accomplished in such a manner as not to interfere with the use to which its private owner has adapted it, particularly when, as here, title thereto was acquired and the land was used many years prior to the existence of the public street on either side thereof, and uninterruptedly thereafter.
The fee in the railway property was never surrendered; but is now and has always been actively devoted to its owners' purposes. The formal dedication by the municipality of property adjacent thereto as a public street for the convenience of the travelling public and the mere sufferance by the owner of its private property to traffic over that property in a manner not inconsistent with the regular and uninterrupted use by that owner can in no wise be considered an abandonment of the fee by the private owner nor to constitute it as *269 a "public street, highway, road or other public place" within the legislative intendment of the statute. 26 C.J.S., § 19, pp. 74, 75; Beach Realty Co. v. Wildwood, 105 N.J.L. 317 (E. & A. 1928); Campbell Stores v. Hoboken, 115 N.J. Eq. 159 (E. & A. 1933).
In Jersey Central, etc., Co. v. State Bd. of Tax Appeals, 130 N.J.L. 364 (Sup. Ct. 1943); affirmed, 131 N.J.L. 565 (E. & A. 1944), it was held that the utility might not include in the computation of the whole of its lines the length of its service connections from the street lines to the individual premises and thereby reduce the ratio which the lines located along, in or over any public street, highway, road or other public place bears to the whole length of its lines or mains. In the matter sub judice, we hold that the Director should not have included the length of that part of appellant's lines adjacent to Atlantic Avenue within the bounds of its private property, in the computation of the ratio under the formula set forth in the aforementioned tax act.
Under subparagraph (b) of the aforementioned tax act (R.S. 54:31-50 (b)), the franchise tax was to be computed as follows:
"(b) A tax computed at the same rate as the average rate of taxation in this State fixed for the current year by the State Tax Commissioner under the provisions of Title 54, chapter twenty-four, of the Revised Statutes (Revised Statutes, section 54:24-1 et seq.) upon the gross receipts of such taxpayer for the preceding calendar year from its business over, on, in, through or from its lines or mains in the State of New Jersey. L. 1940, c. 5, sec. 6."
The Director's assessment under this portion of the statute was validly computed on the basis of the gross receipts of the appellant railway corporation from business on the whole of its lines located in the State of New Jersey. By the specific language of the statute, the tax under this paragraph is a tax upon the gross receipts of the taxpayer and it is immaterial whether the gross receipts represent receipts from transportation lines located on private property or public highways or both. Levies of this type are not novel in this State and they have repeatedly been upheld by our courts. *270 In Salem, etc., Co. v. State Board, etc., 97 N.J.L. 386 (Sup. Ct. 1922); affirmed, 98 N.J.L. 570 (E. & A. 1923), the court affirmed a similar assessment levied under Chapter 25, of the Laws of 1919. In Jersey Central Power & Light Co. v. Asbury Park, 128 N.J.L. 141 (Sup. Ct. 1942); affirmed, 129 N.J.L. 253 (E. & A. 1942), the question was again considered with reference to Chapter 8, of the Laws of 1938 (superseded by Chapter 5, of the Laws of 1940), and the validity of the levy was again approved.
The judgment of the Division of Tax Appeals is modified with respect to the assessment levied under subparagraph (a) of the foregoing tax act to the extent that the 3.043 miles in question should not have been included in determining the ratio with the whole of appellant's lines under the formula of the act.
The judgment is affirmed as to the assessment levied under subparagraph (b) of the tax act.