Bodine's Adm'rs v. Arthur, &c.

---

CASE 8—PETITION EQUITY—DECEMBER 18.

## Bodine's Adm'rs v. Arthur &c.

APPEAL FROM UNION CIRCUIT COURT.

1. CONSTRUCTION OF DEED.—If the granting clause of a deed and the habendum are repugnant, and it appears from the whole deed and the attendant circumstances that the grantor intended that the habendum should enlarge or restrict the granting clause, then the habendum must control, being considered in such a case an addendum or proviso to the granting clause; but if it can not be determined with reasonable certainty that the grantor intended that the habendum should control, then the granting clause must control.

   Under a conveyance to H, the wife of R, habendum to "the said H, the wife of the said R, and to her children by him begotten forever," H takes a life estate, remainder to her children by R, it appearing from the whole conveyance and the attendant circumstances that such was the grantor's intention.

2. SAME—The statute which converts an estate tail into a fee-simple has no application to this case, for the reason that the estate granted, not being an estate of inheritance, is not an estate tail.

M. MERRITT FOR APPELLANTS.

Even conceding that the word children should be construed as a word of purchase, and not one of limitation, there is a direct conflict between the premises of the deed and the habendum. When that is the case the premises must control. (Greenleaf's Cruise on Real Property, secs. 75 and 76; 42 Am. Rep., 703; Washburne on Real Property, vol. 3, pp. 372-374; 9 Ky. Law Rep., 524; 10 Ky. Law Rep., 134.)

HUGHES & HUGHES ON SAME SIDE.

If the habendum is to be given any effect in controlling the intention of the parties, it creates an estate tail, which, by our statute, is converted into a fee-simple. (Gen. Stats., chap. 63, art. 1, sec. 8; Blackstone's Comm., vol. 1, book 2, side page 114; Nichols v. True, 2 Duv., 547; 10 B. M., 548; 14 B. M., 144; 10 Ky. Law Rep., 134.)

PRENTICE & DAVIS, H. D. ALLEN FOR APPELLEES.

The deed from Harding and wife to Hettie E. Bodine conveys to her only a life estate, remainder to her children by R. W. Bodine. In arriving at the intention of the grantor the whole deed must be considered. (Davis v. Hardin, 80 Ky., 672; Henderson v. Mack, 82 Ky., 380; Webb v. Holmes, 3 B. M., 404; Rogers v. Payne, 14 B. M., 167; Foster v. Shreve, 6 Bush, 519; Tucker v. Tucker, 78 Ky., 503; Brown v. Ferrell, 83 Ky., 417; Ballard v. L. & N. R. Co., 9 Ky. Law Rep., 523; White v. White, 9 Ky. Law Rep., 757; Merriwether v. Merriwether, 10 Ky. Law Rep., 669; 3 Washburne on Real Property, secs. 61-63, 5th ed.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The conveyancing clause of the deed from Dr. Harding and wife to Mrs. Bodine is as follows : "Have this day given, granted, bargained and sold to Hettie E. Bodine." The habendum is as follows: "To have and to hold unto the said Hettie E. Bodine, wife of the said B. W. Bodine, and to her children by him begotten forever."

It is contended that the conveyancing clause and the habendum are repugnant to each other ; consequently, the latter must yield to the former. It is undoubtedly true that in case of repugnancy between

the two, and it can not be determined from the whole instrument and attendant circumstances with reasonable certainty that the grantor intended that the habendum should control, the conveyancing clause must, in that case, control, for the reason that words of conveyance are necessary to the passage of the title, and the habendum is not ordinarily an indispensable part of a deed; hence, in the case above indicated, the conveyancing clause must control. But where it appears from the whole conveyance and attendant circumstances that the grantor intended the habendum to enlarge, restrict or repugn the conveying clause, the habendum must control. It is, in such case, to be considered as an addendum or proviso to the conveyancing clause, which, by a well-settled rule of construction, must control the conveyancing clause or premises, even to the extent of destroying the effect of the same. This is so, because it is the last expression of the grantor as to the conveyance, which must control the preceding expression. (Henderson v. Mack, 82 Ky., 379 ; Ratliffe, &c., v. Marrs, &c., 87 Ky., 26.) It is clear, judging from the whole conveyance and attendant circumstances, that the grantors intended the habendum to operate as an addendum or proviso to the conveyancing clause, and to control the same to the extent of limiting the estate conveyed to Mrs. Bodine to a life estate, remainder to her children begotten by R. W. Bodine. For, according to the uniform decision of this State, such conveyances give to the named vendee a life estate, remainder to the children. This construction grows out of the fact that, as there must be parties, vendors and vendees,

in order to make a valid conveyance, none but parties vendees can take a present estate. Such parties may be designated by their proper names, or by such other designation as will identify the particular persons meant as vendees. In this case the expression "her children by R. W. Bodine begotten" does not identify the particular individuals who are to take, because they, or some of them, may hereafter be born. Hence, they can not be deemed parties vendees in the sense of taking an immediate estate; but they can take an estate in remainder. (See Foster v. Shreve, 6 Bush, 522.) Such conveyances, thus construed, are effective, otherwise not; and as it must be presumed that the grantor intended all the parts of the deed to have the effect that the law gives to the language used, consequently, it must also be presumed that he intended to grant a life estate, with remainder, unless, as intimated, the contrary intention appears.

But it is contended by the appellant that the language of the habendum, if it has any effect, creates an estate tail in Mrs. Bodine, which, under our statute, is converted into a fee-simple title. But, as said, the estate conveyed to Mrs. Bodine was a life estate, remainder to her children begotten by R. W. Bodine, and to construe the statute as raising this life estate to the dignity of a fee-simple estate would be absurd, and would wholly defeat the object of the grantor.

We have no hesitation in saying that the estate granted to Mrs. Bodine is not an estate tail, for an estate tail is an estate of inheritance, and descends to particular heirs; but the estate granted is a life es-

tate, with remainder, &c., which is not an estate tail. Hence, the statute has no application.

The judgment setting aside the sale to the appellee is affirmed.