[No. 18303.     Department One.—October 2, 1894.]

## F. JOSEPH BARNETT, APPELLANT, *v.* LENA BAR-NETT ET AL., RESPONDENTS.

DEED—CONSTRUCTION—LIFE ESTATE.—Under section 779 of the Civil Code a deed of land purporting to "give, grant, alien, and confirm unto the said party of the second part and to his heirs all those certain lots, etc., . . . . to have and to hold, all and singular, the said premises . . . . unto the said party of the second part, for and during his natural life, and to the issue and heirs of the body of the said party of the second part," conveys a life estate only to the immediate grantee.

RULE IN SHELLEY'S CASE.—Section 779 of the Civil Code has abrogated the rule in Shelley's case in this state

ID.—HABENDUM CLAUSE.—In construing a deed the intention of the grantor is to be ascertained from the entire instrument, including the *habendum* as well as the granting clause; and if it appears from such construction that the grantor intended by the *habendum* clause to restrict or limit or enlarge the estate named in the granting clause the *habendum* will prevail over the granting clause.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*Stanton L. Carter,* and *E. D. Edwards,* for Appellant.

*J. W. Knox, S. S. Wright,* and *Charles A. Reynolds,* for Respondents.

HARRISON, J.—March 14, 1890, B. B. Barnett executed to the plaintiff herein a deed of conveyance of certain lands in Fresno county, by which he purported to "give, grant, alien, and confirm unto the said party of the second part and to his heirs (and assigns forever) all those certain lots, pieces, or parcels of land . . . . to have and to hold, all and singular, the said premises, together with the appurtenances, unto the said party of the second part (heirs and assigns forever) *for and during his natural life, and to the issue and heirs of the body of the said party of the second part."* The instrument was upon a printed form, and the above words in paren-

theses were erased therefrom, and the words in italics were inserted in writing.   The defendant, Lena Barnett, is the daughter and sole issue of the plaintiff, and the other defendants are his brothers and sisters.   The plaintiff claims that by the aforesaid instrument the lands herein described were conveyed to him in fee, and, as the defendants claim that he took thereby only a life estate, and that at his death the heirs of his body will take the fee, he brought this action to procure a judgment in accordance with his said claim, and to restrain the defendants from making any claim thereto. A demurrer to the complaint was sustained by the court below upon the ground that it failed to state a cause of action, and from the judgment entered thereon the plaintiff has appealed.

At the common law, by what is commonly called the rule in Shelley's case, the above instrument would undoubtedly be construed as giving to the plaintiff an estate in fee tail in the lands, and if it had been executed prior to the adoption of the Civil Code would have received the same construction in this state.   (*Norris* v. *Hensley*, 27 Cal. 439; *Estate of Utz*, 43 Cal. 200.)   Section 779 of the Civil Code, however, provides: "When a remainder is limited to the heirs or heirs of the body of a person to whom a life estate in the same property is given the persons who, on the termination of the life estate, are the successors or heirs of the body of the owner for life are entitled to it by virtue of the remainder so limited to them, and not as mere successors of the owner for life."   The effect of this section is to abrogate the rule in Shelley's case, and with other sections in the Civil Code to furnish the rules by which to determine the estate or interest in the lands which the plaintiff took by virtue of the grant.   (Civ. Code, sec. 4.) Section 1105 declares that "a fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended"; and, if it does appear from the grant

that a lesser estate was intended, no such presumption exists. A grant is to be interpreted in the same manner as any other contract (section 1066), so as to give effect to the intention of the parties, if that intention can be ascertained (section 1636); and for the purpose of ascertaining that intention "the whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." (Section 1641.) The intention, it is sometimes said, is to be gathered from the four corners of the instrument, and in case of a grant the *habendum*, as well as any other portion of the instrument, is to be considered. The ordinary use of the *habendum* is to define or limit the quantity of interest, or the estate which the grantee is to have in the property granted, and, although usually made a separate portion of the instrument, is not necessarily so, but may be wholly omitted, and the interest or estate granted may be defined or limited in the premises or granting part of the conveyance. (*Montgomery* v. *Sturdivant*, 41 Cal. 290.) The rule that if the *habendum* is repugnant to the premises it is to be disregarded, is only another form of the rule that "if several parts of a grant are absolutely irreconcilable the former part prevails." (Civ. Code, sec. 1070.) The intention of the parties to the grant is to be gathered from the instrument itself, and determined by a proper construction of the language used therein, but for the purpose of ascertaining this intention the entire instrument, the *habendum* as well as the premises, are to be considered, and, if it appear from such consideration that the grantor intended by the *habendum* clause to restrict or limit or enlarge the estate named in the granting clause the *habendum* will prevail over the granting clause. (*Faivre* v. *Daley*, 93 Cal. 670; *Pelissier* v. *Corker*, 103 Cal. 516.) "It is in such case to be considered as an *addendum* or proviso to the conveyancing clause, which by a well-settled rule of construction must control the conveyancing clause or premises, even to

the extent of destroying the effect of the same."
(*Bodine* v. *Arthur*, 91 Ky. 53; 34 Am. St. Rep. 162.)

Taking into consideration the whole of the instru-
ment under discussion it is clear that it was the inten-
tion of the grantor that the *habendum* should operate as
a proviso or limitation to the granting clause, and con-
trol it to the extent of limiting the estate conveyed to
the plaintiff to a life estate, with a remainder to the
issue and heirs of his body. The use of the word
"heirs" in the granting clause creates no repugnance
between that clause and the *habendum*, since the same
estate would pass to the plaintiff whether this word were
inserted or omitted (Civ. Code, sec. 1072); and the sub-
sequent limitation in the *habendum* shows that the
grantor did not intend by its use to create an estate in
fee in the plaintiff. (*Henderson* v. *Mack*, 82 Ky. 379.)
No present estate would pass to the "heirs" (*Hall* v.
*Leonard*, 1 Pick. 27); and at common law the use of this
word would have had the effect merely to create a fee
instead of a life estate. By section 779 of the Civil
Code the term "heirs" is changed from a word of limi-
tation to one of purchase, and becomes a specific desig-
nation of a class which will have the right to the property
upon the termination of the life estate. Upon that event
they take the property, not by descent or as successors
of the plaintiff, but by virtue of the remainder which
was created for them at the execution of the deed to him.
This remainder, although not capable of immediate
enjoyment (Civ. Code, sec. 690), and, therefore, denom-
inated a future interest, is nevertheless an estate in the
property capable of being transferred in the same man-
ner as a present interest. (Civ. Code, sec. 699.)

Counsel for appellant states in his brief that the only
question on this appeal is "whether the deed in ques-
tion conveyed an estate in fee simple to plaintiff, or a
life estate to plaintiff, with remainder in fee to the issue
and heirs of his body"; and we therefore limit our
decision to this proposition, and hold that by the instru-

ment in question a life estate only was conveyed to the plaintiff.

Section 763 of the Civil Code has no application. This section provides that "every estate, which would be at common law adjudged to be a fee tail, is a fee simple." It does not provide that every instrument which at common law would be construed to create an estate tail shall be construed to create a fee simple, but that the "estate" which would be adjudged a fee tail is a fee simple. The rule of construction is defined in section 4 of the Civil Code, and we have seen that, upon a proper construction of the instrument in question, only a life estate was conveyed to the plaintiff. Being a life estate only it is not an estate of inheritance, and hence cannot be an estate tail. As was said in *Bodine* v. *Arthur*, 91 Ky. 56, 34 Am. St. Rep. 162, with reference to a similar statute: "To construe the statute as raising this life estate to the dignity of a fee simple estate would be absurd, and would wholly defeat the object of the grantor."

The judgment is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.