BOLIO *v.* MARVIN.

1. DEEDS—RESERVATION—EASEMENT.
   The clause, "Saving and preserving from the operation hereof the road running along the southerly line of said parcels," following the descriptive part in a deed, reserves in the grantor the right to use the road, but does not except the fee, which passes to the grantee.

2. SAME—CONSTRUCTION.
   In the construction of a deed, the intent of the grantor is to be gathered from the whole instrument, and the language employed is to be taken most strongly against the grantor.

Error to Wayne; Carpenter, J. Submitted February 19, 1902. (Docket No. 76.) Decided March 18, 1902.

Ejectment by Marie Bolio and others against Martha Marvin. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*Charles C. Stewart* (*H. H. Markham,* of counsel), for appellants.

*Tarsney & Fitzpatrick,* for appellee.

MONTGOMERY, J. In 1854 Gideon Bolio owned certain lands in the county of Wayne, and conveyed by warranty deed to one John L. Whiting 30 acres of this land. The following clause followed the descriptive part of this deed:

"Saving and preserving, however, from the operation hereof, the road running along the southerly line of said parcels from the said Saginaw turnpike, and the road in the rear or westerly side of said first-described tract."

It appears that these roads or ways were used by Gideon Bolio in passing to and from other lands belonging to him, and were, to some extent, used by the public. In 1875 the road running along the southerly side of said land,

together with 33 feet lying immediately south, was laid out by the proper highway authorities as a public highway. In 1892 certain proceedings were taken to vacate this highway by the common council. The defendant, who derived title through the conveyance to Whiting, proceeded to fence in the 33 feet included in the original Whiting deed, and the plaintiffs, descendants of Gideon Bolio, bring this action of ejectment to recover this strip. The learned circuit judge directed a verdict for defendant, and plaintiffs bring error.

The decision of the circuit judge rested upon the construction of the deed of Gideon Bolio to Whiting. The circuit judge correctly held that, in determining whether this clause was intended as an exception to the grant or was simply a reservation of an easement, the two cardinal rules of construction should be kept in mind, namely, that the intent of the grantor is to be gathered from the whole instrument, and that the language employed is to be taken most strongly against the grantor. Having these rules in mind, we think the circuit judge reached the correct conclusion. It is to be kept in mind that the grant was broad enough to cover the land included in this road, and that the road would not have been open to the grantor to use unless by some stipulation he retained the right to use it. The language employed was, "Saving and preserving the road." We think this language means, "Saving and preserving the right to use the road." As pointed out by the learned circuit judge, had the purpose been other than this, the fair inference is that the land conveyed would have been bounded by the highway. There was not the slightest occasion to include this land in the deed unless some interest was intended to be vested in the grantee. We find this view sustained by numerous cases. See *Gould* v. *Howe*, 131 Ill. 490 (23 N. E. 602); *Sullivan* v. *Eddy*, 154 Ill. 199 (40 N. E. 482); and *Capron* v. *Kingman*, 64 N. H. 571 (14 Atl. 868),—a case quite in point.

Counsel for plaintiffs cite the case of *Reynolds* v. *Gaert-*

*ner,* 117 Mich. 532 (76 N. W. 3); but the language employed in the deed construed in that case is very different from that which we are now construing. In that case the language was, "Except two and forty-six hundredths acres to the Chicago & Canada Southern Railroad;" and it was found that the plaintiff intended to convey all the land described, excepting therefrom the 2.46 acres. So, in *Patrick* v. *Young Men's Christian Ass'n,* 120 Mich. 185 (79 N. W. 208), the language employed plainly imported an exception. We do not so construe the language of the deed here in controversy.

The judgment will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.