[Civ. No. 700. First Appellate District.—December 13, 1909.]

## RACHEL JACOBS, Respondent, v. ALL PERSONS, etc., LOUIS JACOBS, ALEXANDER JACOBS, and EDWARD F. TREADWELL, Appellants.

CONSTRUCTION OF DEED—GRANT OF FEE—WRITTEN HABENDUM—LIFE ESTATE—REMAINDER—REFERENCE TO UNDELIVERED DEEDS—PARTS OF DEED.—A deed from a husband to his wife purporting in the printed part thereof, with blanks filled, to grant an estate in fee to her and her heirs, in which the *habendum* clause was qualified in writing to be held by her "during the remainder of her natural life, and upon and at the time of her death, the title to all of said property shall pass to and be vested," in seven children named, referring to "their separate deeds to each," executed by the husband and wife to them and each of them, must be construed as granting only a life estate to the wife, with remainder to the children named; and although the deeds referred to were undelivered and ineffective, they are nevertheless parts of the deed to the wife, and may be read as parts thereof.

ID.—GENERAL RULE AS TO REFERENCE IN DEED.—A deed may refer to another document, sufficiently identified, with the same effect as if the document referred to was set forth in full in the deed.

ID.—CONSTRUCTION TO EFFECTUATE MANIFEST INTENTION.—It is the tendency of the courts to construe a deed so as to effectuate the manifest intention of the parties. The entire deed must be read to get at the intention of the grantor.

ID.—GRANTING AND HABENDUM CLAUSES—EFFECT—CONSISTENCY WITH INTENT.—Effect must be given to the *habendum* clause as well as to the granting clause in a deed; and effect must be given to both so as to be consistent with the evident purpose and intent of the grantor.

ID.—PURPOSE OF HABENDUM CLAUSE — PREVALENCE OVER GRANTING CLAUSE.—The purpose and object of the *habendum* clause is to limit, enlarge, and make clear the estate granted by the premises. To effectuate the intention of the parties, the *habendum* clause will prevail over the granting clause to the extent of destroying its effect.

ID.—DETERMINATION OF ESTATE—CLEAR AND DISTINCT WORDS.—Whether a life estate or an estate in fee is conveyed must be determined by considering the deed as a whole; and when the limitation to a life estate is made by clear and distinct words in the *habendum* clause, it cannot be controlled by less clear and distinct words elsewhere.

ID.—USE OF WORD "HEIRS" NOT ESSENTIAL TO FEE.—The use of the word
"heirs" in the granting clause is not necessary to constitute an estate
in fee not otherwise limited.   That word adds nothing to the effect
of the deed to a named grantee.

ID.—CLEAR LIMITATION TO LIFE ESTATE—MANIFEST INTENT NOT TO BE
DEFEATED.—Under a deed clearly limiting the grant to a wife to a
life estate in the *habendum* clause, the manifest intention of the
grantor is not to be defeated by the application of subtle and unsub-
stantial distinctions and technical and arbitrary rules.

ID.—POSSESSION OF LIFE TENANT NOT ADVERSE TO REMAINDERMEN.—
The possession of a life tenant is not adverse to the interests of the
remaindermen or reversioner, and no prescriptive title can be ac-
quired by the life tenant against them.

ID.—GIFT OF COMMUNITY PROPERTY ACQUIRED BEFORE CODE AMENDMENT
—WRITTEN CONSENT NOT REQUIRED—ABSENCE OF FRAUD.—If com-
munity property was acquired by a husband prior to the amendment
of section 172 of the Civil Code in 1891, and a life estate was given
therein to his wife during her life, the remainder may be given to
her children, if not intended as a fraud upon his wife, without her
written consent thereto.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   James H. Troutt, Judge.

The facts are stated in the opinion of the court.

Mastick & Partridge, for Appellants.

tum Suden & tum Suden, for Respondent.

HALL, J.—Plaintiff brought this action under the Mc-
Enerney act, so called, to quiet her title to a certain piece of
real estate situate at the corner of Broderick and Sutter
streets, in the city and county of San Francisco.   Plaintiff
alleged and claimed that she was the owner of the premises
in suit in fee.   The appellants appeared in the action, and
while admitting plaintiff to be the owner of the premises for
and during her natural life, denied that she was the owner
thereof in fee, and set up a claim of title in remainder in
each of them to an undivided interest in said premises.   In
their several answers defendants set up their chain of title,
in which they allege that on and prior to the thirty-first day
of December, 1900, one Jacob Jacobs was the owner in fee

simple of the premises in suit, and on said day made a deed
of said property, by which he conveyed a life estate therein
to plaintiff, and remainder therein, after the expiration of
said life estate to his three sons, Gustav Jacobs, Albert Ja-
cobs and Leopold Jacobs, from whom appellants in turn de-
raigned such title as they claim.

The court found that on and prior to the thirty-first day
of December, 1900, one Jacob Jacobs was the owner in fee
simple of the premises in suit, and that he on that day, by
a deed of grant, conveyed the same and the whole thereof to
the plaintiff in fee simple, and that ever since said day she
has been, and now is, the owner and entitled to the posses-
sion thereof in fee simple.  Judgment was entered accord-
ingly for plaintiff, and the three defendants who appeared,
within sixty days after the rendition and entry thereof, ap-
pealed.  Appellants attack the sufficiency of the evidence to
support the finding upon which the judgment is predicated.

It seems to be conceded by both parties that on and prior
to December 31, 1900, the property in suit was community
property of Jacob Jacobs, who acquired it while the hus-
band of plaintiff.  On that day he executed the deed re-
ferred to in the findings, and subsequently and before the
beginning of this action died.

By the terms of the deed Jacob Jacobs, in consideration
of love and affection, did ''give, grant, alien and confirm unto
the said part*y* of the second part and to *her* heirs and assigns
forever'' certain described lands including the premises in
suit.  ''To have and to hold all and singular the said prem-
ises, together with the appurtenances, unto the said party
of the second part, *her* heirs and assigns forever, *in manner
following, viz.: To the said party of the second part during the
remainder of her natural life, and upon and at the time of
her death the title to all of said property shall pass to and
be vested in Annie Newman, Leah Levy, Jennie Levy, Phoebe
Jacobs, Gustave Jacobs, Albert Jacobs and Leopold Jacobs as
her successors in interest in manner and subject to the re-
strictions as in their certain separate deeds to each made and
executed by myself and the said party of the second part
herein to them and to each of them.*''

This deed was upon a printed form, the portion in italics
being written.  It was delivered to plaintiff.

The deeds referred to in the deed to plaintiff were dated and signed by plaintiff and her husband, but were never delivered to the grantees named therein, but were always retained by plaintiff without delivery to anyone. There are three of these deeds, each by its terms not to take effect until the death of both of the parents of the grantees therein, and each conveying a different portion of the premises described in the deed to plaintiff. (The seven "remaindermen" in the deed to plaintiff are children of plaintiff and Jacob Jacobs, now deceased.) In one of the undelivered deeds the three sons are named as grantees; in another two of the daughters are the grantees, and in the third the two other daughters are the grantees.

The defendants Louis Jacobs and Alexander Jacobs are also children of plaintiff and Jacob Jacobs, now deceased, and all the appellants deraign whatever interest they have in the premises in suit from the three sons named as "remaindermen" in the deed to plaintiff.

The contention of respondent is that by the premises or granting clause of the deed to plaintiff a fee was conveyed to her; that the provision of the *habendum* clause, purporting to limit the estate granted to her to a life estate, is subsequent thereto and in conflict therewith, and is therefore of no effect. That the premises or granting clause must prevail over any inconsistent provision in the *habendum* clause.

This view evidently was adopted by the trial court.

Appellants' contention is that the entire deed must be read and construed together to arrive at the intention of the grantor. That so reading and construing the deed it is clear that the grantor only intended to convey to the grantee, his wife, a life estate and no more.

Before taking up the discussion of the effect of the deed to plaintiff it is well to dispose of some matters discussed in the briefs as to the effect of the deeds signed by plaintiff and her husband. As to these deeds it is clear to us that they never became effectual as independent grants to transfer anything to the grantees named therein for want of delivery. Nevertheless they are parts of the deed under which plaintiff claims, and may be read as a part of such deed. A deed may refer to another document sufficiently identified with the same effect as if the document referred to was set forth

in full in the deed. (*Burnett* v. *Piercy,* 149 Cal. 179, [86 Pac. 603] ; *Estate of Willey,* 128 Cal. 1, [60 Pac. 471] ; *Jackson* v. *Ireland,* 3 Wend. 99.)

In *Burnett* v. *Piercy,* 149 Cal. 179, [86 Pac. 603], a trust deed referred to a deed then prepared to be executed by the trustee. The court said: "By this trust clause the deed to be executed by Crockett was referred to, and all its conditions and limitations were thereby incorporated into, and made parts of, the terms of the trust upon which Crockett held the land."

In *Jackson* v. *Ireland,* 3 Wend. 99, a deed conveyed land to the grantees to have and to hold "in the manner mentioned in the said last will and testament of Thomas Ireland, deceased." It was held that the estate granted by the deed must be determined by the terms of the will thus referred to.

While we do not deem it very important to the determination of the case, it is clear to us that the three deeds referred to in the main deed must be considered as a part thereof.

We now take up the matter as to what estate was conveyed to plaintiff by the deed from Jacob Jacobs.

It is very truly said in *Eldridge* v. *See Yup Co.,* 17 Cal. 45, that "Much curious learning is to be found in the books as to the effect of deeds, and many subtle and unsubstantial distinctions, and technical and arbitrary rules laid down touching their construction and operation." It is, however, the tendency of the courts in the later decisions to adopt such construction as will effectuate the manifest intention of the parties. The entire deed must be read to get at the intention of the grantor. Effect, if possible, must be given to the *habendum* clause as well as to the granting clause. Effect must be given to both consistent with the evident purpose and intent of the grantor. The very purpose and object of the *habendum* clause is to limit, enlarge and make clear the estate granted by the premises.

"Whether a life estate or an estate in fee is conveyed must be determined by considering the deed as a whole." (2 Devlin on Deeds, sec. 858.)

In the deed under consideration the words in the *habendum* clause limiting the estate granted to plaintiff were written, and thus evidently selected with a special view to effectuate the purpose of the grantor. On the other hand, the words in

the premises relied on by plaintiff are the printed words (with only the necessary blanks to be filled to indicate the sex and number of the grantees) usually found in the forms for gift deeds. The limitation to a life estate in the plaintiff is clear and distinct in the *habendum* clause. "A clear and distinct limitation in a grant is not controlled by other words less clear and distinct." (Civ. Code, sec. 1067.)

Reading the deed in question as a whole we cannot doubt that the grantor intended thereby to convey to his wife, the .grantee, a life estate only, and that the deed should be given this effect and no more.

To construe this deed as conveying a fee simple to plaintiff in the face of the clear and distinct limitation to a life estate contained .in the *habendum* clause would be to defeat the manifest intention of the grantor by the application of "subtle and unsubstantial distinctions, and technical and arbitrary rules." This should not be done. (*Faivre* v. *Daley,* 9,3 Cal. 664, [29 Pac. 256].)

A deed very similar to the one now under consideration was before the court in *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049]. The grant was to the grantee "and to his heirs," while the *habendum* limited the estate to the grantee "for and during his natural life, and to the issue and heirs of the body of the said party of the second part." Notwithstanding the grant was to the grantee "and to his heirs," the court found no difficulty in giving full effect to the limitation to a life estate in the *habendum* clause. True, in the Barnett case the words "and assigns forever" were struck out of the printed form, while they were not in this, but such words add nothing to the effect of the other words not struck from the granting clause. Indeed, as is clearly pointed out in the Barnett case, the use of the word "heirs" in the granting clause of a deed is not necessary to the conveyance of a fee. Under the statutes of this state the use of the word "heirs" is quite unnecessary to the grant of a fee. Its use adds nothing to the legal effect of a grant to a named grantee.

The rules to be followed in construing a deed are very clearly laid down in *Barnett* v. *Barnett,* 104 Cal. 298, [37 Pac. 1049]. What was there said is entirely pertinent to the facts of this case. The court in part said: "The intention of the parties to the grant is to be gathered from the instrument

itself, and determined by a proper construction of the language used therein, but for the purpose of ascertaining this intention the entire instrument, the *habendum* as well as the premises, are to be considered, and, if it appear from such consideration that the grantor intended by the *habendum* clause to restrict or limit or enlarge the estate named in the granting clause, the *habendum* will prevail over the granting clause. . . . 'It is in such case to be considered as an *addendum* or proviso to the conveyancing clause, which by a well-settled rule of construction must control the conveyancing clause or premises, even to the extent of destroying the effect of the same.' (*Bodine* v. *Arthur,* 91 Ky. 53, [34 Am. St. Rep. 162, 14 S. W. 904].)''

To the same effect is *Burnett* v. *Piercy,* 149 Cal. 179, [86 Pac. 603]. In this case John C. Piercy and his wife Mary conveyed in trust to Crockett to convey, by deeds already prepared to be executed by Crockett. By this deed Crockett conveyed certain property to ''Mary Piercy, her heirs and assigns.'' It is manifest that by this granting clause an estate in fee as clearly appeared to be conveyed as such estate appears to be conveyed in the case at bar; yet the court had no difficulty in construing subsequent provisions in the deed as limiting the estate conveyed to a life estate. These limitations were not nearly so express as in the case at bar.

To the same effect is *Pavkovich* v. *Southern Pacific R. R. Co.,* 150 Cal. 39, [87 Pac. 1097], where the court said: ''The doctrine that where the *habendum,* or other subsequent clause, is repugnant to the premises, the premises must prevail, applies only where the two are irreconcilable. And it does not apply where it appears from the whole conveyance or from the language of the subsequent clause that the grantor intended thereby to qualify the granting clause, or where the grantee will receive an estate of value even if the granting clause be modified as may be necessary to give effect to all parts of the deed.''

In other jurisdictions we find that the courts have not hesitated to give controlling effect to the *habendum* clause in deeds similar to the one in the case at bar.

In *Henderson* v. *Mack,* 82 Ky. 379, the granting clause was to the grantee, ''his heirs and assigns,'' and the *habendum* was ''To have and to hold the same, with all the appurte-

nances thereof, to the second party, his heirs and assigns forever, with covenant of general warranty, during his natural life, and after his death to go to and belong absolutely to Belle Mack, she paying the unpaid purchase money as aforesaid.'' It was held that the grantee, the party of the second part, took a life estate with remainder in fee to Belle Mack.

In all essential particulars, indeed, the case just cited was identical with the deed in the case at bar, even to repeating in the *habendum* clause ''to the second party, his heirs and assigns, forever.''

In *Carson* v. *McCaslin*, 60 Ind. 335, the granting clause was to ''Hervey McCaslin, and his heirs and assigns forever,'' and the *habendum* was ''To be held by the said Hervey McCaslin for and during his natural life,'' with contingent remainder to his wife if she survive him. She did survive him, and it was held that Hervey McCaslin took a life estate only with remainder to his wife.

In *Caldwell* v. *Hammons*, 40 Ga. 342, the grant (in consideration of marriage) was to Martha Gray ''and to her heirs and assigns,'' of a described tract of land, ''to hold the same during her lifetime, and then to revert to my heirs, both of her and my former wife.'' The grantor died without issue of Martha, but leaving issue by his former wife. In an action for waste against the grantee, brought by the heirs at law of the grantor, it was held that Martha Gray took a life estate only. This case was decided under the Georgia Code of 1861, section 2656, which is as follows: ''If two clauses in a deed be utterly inconsistent, the former must prevail, but the intention of the parties from the whole instrument should, if possible, be ascertained and carried into effect.''

This section of the Georgia code is but an epitome of the code law of this state, including section 1070, Civil Code, and the correlated sections dealing with the interpretation of contracts, which are made applicable to the interpretation of grants by section 1066, Civil Code.

It is clear that plaintiff did not take a fee simple by the deed from her husband, but a life estate only, and that under the evidence she is not the owner of the whole of the property in suit in fee simple.

Neither did plaintiff acquire any title by adverse possession. The possession of a life tenant is not adverse to the interest of the remaindermen or reversioner. (1 Am. & Eng. Ency. of Law, 807.)

For the reasons above set forth, the finding to the effect that Jacob Jacobs conveyed the premises described in the complaint to Rachel Jacobs, the plaintiff, and that she has been ever since and now is the owner thereof in fee simple, is not sustained by the evidence.

We have discussed the case without regard to the possible effect of section 172, Civil Code, as amended in 1891, upon the right of a husband, without the written consent of his wife, to make a gift in remainder of any portion of the community property, for though it does not expressly appear from the record that the property in suit was acquired by the husband prior to such amendment, counsel upon both sides seem to have treated the case as though such were the fact. The right of a husband to make a gift of such community property not intended as a fraud upon his wife is established by *Spreckels* v. *Spreckels*, 116 Cal. 339, [58 Am. St. Rep. 170, 48 Pac. 228].

The judgment is reversed, and the cause remanded for further proceedings.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 10, 1910.