[Civ. No. 6151. First Appellate District, Division Two.—March 13, 1928.]

EMILY MOAKLEY et al., Appellants, v. SOLOMON BLOG et al., Respondents.

John F. Poole for Appellants.

M. J. Finkenstein for Respondents.

KOFORD, P. J.—The defendants recovered judgment in a quiet title suit and plaintiffs appeal. The points argued upon this appeal involve the construction of two conveyances, each of which contained exceptions, reservations, or conditions. The first one of these two conveyances was executed by George P. Lyman and others, who for purposes of this case may be considered the original owners. By it said Lyman and others conveyed out of their holdings on October 21, 1899, a strip of land to the Los Angeles Pacific Railway Company. This conveyance "granted, bargained, sold, conveyed and confirmed" to the railway company "all that certain lot, piece or parcel of land . . . bounded and particularly described as follows, to-wit:" Here follows a metes and bounds description of a strip of land thirty-five feet wide running diagonally through the property of the grantors, Lyman and others. The conveyance then con-

tained the following paragraph: "This conveyance is given and accepted upon the express understanding and condition that said strip of land is to be used for a right of way for constructing and maintaining a railroad over and along the same by the grantee herein, or its successors or assigns and for no other purpose, and that if at any time it shall cease to be used for that purpose it shall immediately thereupon revert and revest in the grantors herein, their heirs or assigns without any further or other conveyance from said grantee or its successors or assigns." We will refer to this deed as the Lyman-Railway deed.

The parcel of land which is the subject matter of this action is included in this strip which was thus granted to the railway company.

Later in October, 1903, said Lyman and others granted all their property to J. C. Willmon. Said Willmon is the common predecessor of the parties litigant here.

Then in November, 1903, said Willmon conveyed to Charles M. Stimson. We will refer to this deed as the Willmon-Stimson deed. This is the second conveyance to be construed. Stimson conveyed to others and they in turn conveyed to defendants and respondents Blog, so that it is under this deed that respondents claim title. These conveyances were: Stimson to Hamell, November 11, 1915; Hamell to Cazauraug, November 4, 1915; Cazauraug to respondents Blog, February, 1922. Respondents paid six thousand dollars for the deed conveying to them the thirty-five foot strip in question. The railway company also quitclaimed to respondents Blog in 1922 presumably on account of Civil Code, section 1109, although the Lyman-Railway deed expressly provided for reverting without conveyance. The Willmon-Stimson deed granted, bargained, sold, conveyed, and confirmed all that certain real property described as follows: (Description of ten acres of land which lies around, across and over that portion of the railroad strip in dispute in this action.) Then follows immediately after the description of the ten acres: "Except right of way of the Los Angeles Pacific Railway Company over strip thirty-five feet wide as granted by deed recorded in Book 1371, p. 95 Deeds." (This refers to the Lyman-Railway deed.) Then follows the clause, "Together with all and singular the tenements, hereditaments, and appurtenances thereunto belong-

ing or in any wise appertaining and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof.''

The Pacific Electric Railway Company, successor to Los Angeles Pacific Railway Company, abandoned its railway over this strip, and, on September 1, 1915, the railroad commission of the state of California duly made its order permitting the railway company to remove its tracks therefrom.

On August 7, 1923, J. C. Willmon, who had previously conveyed to Stimson (from whom respondents Blog took title), conveyed or quitclaimed the strip of land in dispute to the appellants for ten dollars.

The question to be decided upon this appeal therefore is this: When Willmon conveyed to Stimson in 1903, did he pass title to the land in the railway strip, or the reversion therein, so that upon the subsequent abandonment of the railway, respondents Blog (Stimson's successors in interest) became the owners thereof? If not, then Willmon retained the title to this strip at that time, or the reversionary interest therein, and passed it to the plaintiffs and appellants by his deed of August 7, 1923.

On the part of respondents it is claimed that the Willmon-Stimson deed conveyed all the land within the exterior boundaries of the deed's description and excepted only a right of way for the railway. On the part of the appellants it is claimed that the said deed by the exception therein contained excepted from the land conveyed the whole fee of the strip occupied by the railway tracks and that the deed, therefore, is to be construed the same as though it described two triangular pieces of land each bounded on its hypotenuse by the railway strip. The important distinction between an exception of a right of way and an exception of the land upon which the right of way is situated is pointed out in *Hall* v. *Wabash Ry. Co.*, 133 Iowa, 716 [110 N. W. 1040], cited by appellants. There the exception in the deed was ''excepting the part occupied by the right of way of the railroad company.'' The court said: ''It was the soil itself that was in terms excepted from the grant, not merely the right of way.''

Again, in *Pritchard* v. *Lewis*, 125 Wis. 604 [110 Am. St. Rep. 873, 1 L. R. A. (N. S.) 565, 104 N. W. 989], the exception in the grant was ''a strip of land two rods in width

off the north side thereof to be used as a right of way.''
The decision reads: ''The deed to Lewis in plain terms
excepts and reserves the two rods for a right of way, not a
right of way over two rods . . . which quite plainly imports
that the fee was intended to be reserved.''

In claiming the exception clause in the Willmon-Stimson
deed to be a reservation of the fee and not merely of a right
of way, appellants read softly the first part of the exception
''except right of way of the Los Angeles Railway Company
over a strip thirty-five feet wide'' and emphasize the re-
mainder of the exception, ''as granted by deed recorded in
Book 1371, p. 95 of deeds.'' (This refers to the Lyman-
Railway deed.)

It is contended that the deed thus referred to conveys not
merely a right of way to the railway company but a fee with
a condition subsequent. (*Hannah* v. *Southern Pac. Ry. Co.,*
48 Cal. App. 517 [192 Pac. 304], and cases therein cited.)
It is further contended that by the reference in the excep-
tion to that deed, the clause as a whole excepts the fee be-
cause the deed referred to granted the fee. It is true that
one deed may refer to another in such a manner as to have
the same effect as if the deed referred to was set forth in
full. (*Jacobs* v. *All Persons,* 12 Cal. App. 163, 166, 167
[106 Pac. 896], and cases therein cited.) The same
authorities, however, follow the rule that a deed is to be
interpreted in accordance with the manifest intention of
the parties considering the document as a whole. While the
Willmon-Stimson deed refers to the Lyman-Railway deed
and the latter grants a fee, nevertheless the latter also re-
serves a reversionary interest upon a condition subsequent.
This interest could be conveyed before the happening of
the condition subsequent upon which it was predicated.
(*Johnston* v. *City of Los Angeles,* 176 Cal. 479 [168 Pac.
1047].) It is not true, therefore, that Willmon could con-
vey nothing to Stimson because he had nothing. He had a
conveyable reversionary interest which afterwards ripened
into a fee. The reference to the Lyman-Railway deed called
attention to the said reversion as well as to the nature of
the title that had been therein conveyed.

We conclude that the reference to the Lyman-Railway
deed was for the purpose of a description of the location
and boundaries of the right of way and to indicate that the

right of way was for the railway company and not for Willmon. It is hard to believe that Willmon would have executed the deed to Stimson in the form and language used if he had intended to keep for himself the reversionary interest which has now become the subject of this action. He would be more likely to say in that case "except the land granted or described by the Lyman-Railway Company deed." In all the authorities relied on by appellants the exceptions except land itself by such expressions as "reserving a strip of land," "excepting from the effect and operation of the conveyance four square miles, etc.," and "excepting the part occupied by the right of way, etc." Where, on the other hand, the exception is "saving and preserving the road" it has been held that the fee was not reserved in the part (*Bolio* v. *Marvin*, 130 Mich. 82 [89 N. W. 563], and cases cited therein). We therefore hold that in 1915 when the railway abandoned the right of way the fee reverted not to Willmon but to respondents Blog, the successors in interest of Willmon's grantee Stimson, because the grant deed of 1903 from Willmon to Stimson conveyed the reversionary interest. (Civ. Code, secs. 1046 and 1106; *Johnston* v. *City of Los Angeles, supra.*) The deed of Willmon to appellants in 1923, eight years after the abandonment of the right of way conveyed nothing since Willmon at that time had nothing to convey.

Some technical objections are urged to the chain of title traced by respondents Blog from Stimson. If these objections were good the effect would be to leave the title in Stimson and not in appellants nor Willmon and appellants could not prevail, since they must recover if at all on the strength of their own title. The objections, aside from this, however, are without merit.

The court found that neither appellants nor their predecessors were seized nor possessed of the property within five years before the commencement of the action and that their cause of action was barred by Code of Civil Procedure, sections 318, 319 and 320. These findings were made in response to respondents' defense. Appellants do not claim by adverse possession, nor to have been in actual possession. In view of the conclusion we have arrived at on the main

point in this case it is not necessary to pass upon appellants' attack upon these additional findings.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

All the Justices concurred.