[S. F. No. 12989. In Bank.—July 9, 1929.]

JOSEPH SILVIERA LEALA, Appellant, v. JAMES CARROLL et al., Defendants; REGINALD ESCOBAR et al., Respondents.

A. A. Rogers and Geo. J. Lacoste for Appellant.

Myron Harris and John Jewett Earle for Respondents.

LANGDON, J.—Plaintiff appeals from a judgment in an action brought to quiet his title in fee simple to 6.8 acres of land in Alameda County, California. The trial court held that plaintiff owned a life estate in the property and that the defendants were the owners of the remainder in fee.

The entire controversy centers upon the construction of a certain deed executed and delivered by Manuel Silviera Leala on March 13, 1900, in which the plaintiff herein, the son of the grantor, was the grantee of an estate, which estate is contended by plaintiff to be a fee and which estate is contended by the defendants to be but a life estate. The pertinent portions of said deed are as follows:

"This indenture, made the 13th day of March, A. D. 1900, between Manuel Silviera Leala, of the Township of Eden, County of Alameda, State of California, the party of the first part, and Joseph Silviera Leala, his son, of the same place, the party of the second part,

"Witnesseth: That the said party of the first part, for and in consideration of the love and affection which the said party of the first part has and bears unto the said party of the second part, and also for the better maintenance, support, protection and livelihood of the said party of the second part does by these presents give, grant, alien and confirm unto the said party of the second part, and to his heirs forever, all that certain piece or parcel of land situate lying and being in the Township of Eden, County of Alameda, State of California, and bounded and particularly described as follows, to-wit: (Here follows the description.)

"The intention of the grantor herein is a life estate to his son the said party of the second part, and at his death to become the property of the said party of the second part's children."

The respondents herein are children of a deceased child of the appellant and qualify as "children" under the last quoted sentence of the deed, if it is operative. It is the contention of appellant, however, that the deed contains no operative words of grant to the grantee's children and conveyed to the grantee's children no present interest in said property. The contention is sound and in harmony with the holding of the case of *McGarrigle* v. *Roman Catholic Orphan Asylum*, 145 Cal. 694 [104 Am. St. Rep. 84, 1 L. R. A. (N. S.) 315, 79 Pac. 447], unless the words in the deed granting the property "to the said party of the second part and to his heirs forever" be construed as meaning the party of the second part and his children forever. Such language, while conveying a fee-simple estate under the common-law rule, is generally construed now in accordance with the intention expressed by the entire instrument (*Acker* v. *Pridgen*, 158 N. C. 337 [42 L. R. A. (N. S.) 407, 74 S. E. 335]; *Jacobs* v. *All Persons*, 12 Cal. App. 163 [106 Pac. 896]). In the instant case, we have a declaration of the grantor in the instrument itself as to the meaning he placed upon his words of grant. After granting the property to the plaintiff and his heirs forever, the grantor declares that it is his intention to give by this instrument a life estate to the plaintiff with a remainder after his death to his children. Under such circumstances, this court will give to the language of the deed the meaning and intent with which it was used by the grantor.

It follows that the judgment must be affirmed. It is so ordered.

Shenk, J., Richards, J., Seawell, J., Waste, C. J., Curtis, J., and Preston, J., concurred.