[Civ. No. 8025. First Appellate District, Division One.—February 19, 1932.]

ALAMEDA COUNTY TITLE INSURANCE COMPANY (a Corporation), Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation) et al., Appellants.

Horace W. B. Smith and P. R. Lund for Appellants.

McKee, Tashcira & Wahrhaftig for Respondent.

DOOLING, J., *pro tem.*—This is an appeal by a notary public and her bondsman from a judgment for damages caused by her attaching her certificate of acknowledgment to a certain deed of reconveyance purporting to be, but not in fact, signed by one R. Hummel.

On October 27, 1925, the title to the real property in question was in Daisy Grisham. On that date Daisy Grisham executed and delivered two deeds of trust of such real property to secure the payment by her of certain sums of money, to wit: A first deed of trust to R. Hummel and A'. Schomig as trustees, to secure the payment to Hilda Hummel of the sum of $2,200, and a second deed of trust to secure the payment to A. Schomig of the sum of $1450. On June 14, 1926, Daisy Grisham having in the meantime married, she and her husband conveyed the property covered by the aforesaid deeds of trust to Ramos Bros., Incorporated, subject to the existing encumbrances. Thereafter proceedings were taken to sell the property under the second deed of trust, which resulted in four separate deeds

being successively made by the trustees to L. Schlegel as grantee. Thereafter and on March 4, 1927, L. Schlegel executed and delivered a deed to said property to D. D. Maybrook. On June 3, 1927, Maybrook commenced an action against Ramos Bros., Incorporated, to quiet title to said property, and secured a judgment quieting her title in that action, which was allowed by Ramos Bros., Incorporated, to become final.

On October 19, 1928, the purported reconveyance of the first deed of trust was recorded, with the certificate of acknowledgment executed by appellant McDermott attached thereto, upon the wrongful execution of which this action is based. On November 9, 1928, Maybrook borrowed from Harriet A. Foulkes $2,200 and gave as security a deed of trust upon the property here in question. At that time respondent herein, relying on the purported reconveyance attested by the wrongful certificate of acknowledgment of appellant McDermott, executed a policy of title insurance insuring Harriet A. Foulkes that title to said property was vested in Maybrook.

On April 1, 1930, an action was commenced by R. Hummel as trustee, and Hilda Hummel to have the purported reconveyance bearing the certificate of acknowledgment of appellant McDermott declared a forgery and of no effect and to determine that the deed of trust herein first referred to was in full force and effect. Judgment followed in that action as prayed and on February 9, 1931, the property was sold under said first deed of trust, leaving no surplus after the claim of Hilda Hummel was satisfied. Plaintiff and respondent herein paid to Harriet A. Foulkes the amount of her loss under its policy of insurance and commenced this action as her assignee and subrogee.

The only claim made by appellants is that the wrongful act of appellant McDermott in attaching her certificate of acknowledgment to the forged reconveyance was not the proximate cause of the injury sued for since, so they claim, there was not sufficient evidence to support the finding that on the date the policy was issued Maybrook was the owner of the property.

It is apparent from the above recital that Maybrook's claim of title may be based on either of two chains. Starting from Daisy Grisham it may be traced through the sec-

ond deed of trust given by her, the four trustees' deeds to L. Schlegel and Schlegel's deed to Maybrook. Or, starting again from Daisy Grisham, it may be traced through her deed to Ramos Bros., Incorporated, and the judgment quieting the title of Maybrook against Ramos Bros., Incorporated.

If, through either chain, Maybrook had become the owner at the time the policy of title insurance was issued, the judgment in this case must be affirmed. We shall therefore confine our further consideration to the second chain of title above outlined.

When Daisy Grisham conveyed to Ramos Bros., Incorporated, it became the record owner of the property. If the judgment in the quiet title action brought by Maybrook against Ramos Bros., Incorporated, had the effect of vesting the title of Ramos Bros., Incorporated, in Maybrook, this appeal must fail.

■ Appellants contend, first, that the court was without jurisdiction in that action and that that judgment was therefore a nullity; and second, that while that judgment may be binding on Ramos Bros., Incorporated, it is not binding on them since they are neither parties nor privies to that action. The claim of lack of jurisdiction is based on the failure to record a *lis pendens* and to post a copy of the summons on the property in accordance with the provisions of sections 749 and 750 of the Code of Civil Procedure. But an examination of the judgment-roll in that action shows that the action was brought under Code of Civil Procedure, section 738, to which sections 749 and 750 have no application.

■ Appellants further assert a lack of jurisdiction because they claim Maybrook had no title at the time the action was brought against Ramos Bros., Incorporated, and one without title cannot maintain such an action. But in the complaint Maybrook claimed title to real property within the county, which was enough to give the court jurisdiction of the subject matter, and Ramos Bros., Incorporated, appeared and answered, which gave the court jurisdiction of the person of the defendant. If in fact Maybrook had no title, the trial court's judgment determining that she had was not an act in excess of the court's jurisdiction, but an error within its jurisdiction. This distinction has been too often discussed and is too well settled to require elaboration. It follows that that judgment having become final is now

conclusive between Maybrook and Ramos Bros., Incorporated, that Maybrook's title is paramount.

■ Appellants' second point, that not being parties or privies they are not bound by Maybrook's judgment against Ramos Bros., Incorporated, is set at rest in this state by *Chapman* v. *Moore,* 151 Cal. 509 [121 Am. St. Rep. 130, 91 Pac. 324], and *Kipp* v. *Reed,* 183 Cal. 49 [190 Pac. 363]. The judgment obtained by Maybrook is as conclusive evidence against Ramos Bros., Incorporated, that title was in Maybrook, as if Ramos Bros., Incorporated, had given Maybrook a deed. Like a deed, it was admissible against appellants as a muniment of title to show that Maybrook through the judgment had acquired the title theretofore held by Ramos Bros., Incorporated.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.