[Civ. No. 8975. First Appellate District, Division One.—June 26, 1934.]

EMILY MOAKLEY, Appellant, v. LOS ANGELES PACIFIC RAILWAY CO. (a Corporation) et al., Defendants; GEORGE DANA BOARDMAN YOUNG et al., Respondents.

John F. Poole for Appellant.

James W. Bell for Respondents.

THE COURT.—In the year 1900 Robert M. Turner and wife, who were the owners of certain real property in Los Angeles County, executed a conveyance of a right of way over the same to Los Angeles Pacific Railway Co., a corporation. This conveyance, so far as material, reads as follows:

"Grant, bargain and sell, convey and confirm unto the said party of the second part and to its successors and assigns forever a right of way for railroad purposes over and along all that certain lot, piece or parcel of land situate, lying and being in the county of Los Angeles, state of California, and bounded and particularly described as follows, to wit: a strip of land 35 feet in width the center line of which is described as follows: . . . containing 0.67 of an acre of land. Said first parties reserving and executing unto themselves, their heirs and assigns forever, from above conveyance the right to cross and recross said strip of land and to construct and maintain crossings for vehicles in such manner as may be necessary and at the same time interfere as little as possible with the use of said strip for railroad purposes. To have and to hold all and singular the said premises together with the appurtenances unto the said party of the second part, its successors and assigns forever. If said second party, its successors or assigns, shall cease

to operate a railroad over said strip for passenger traffic for a period of six months then said right of way and land shall immediately thereafter revert to said first parties, their heirs and assigns."

The railway company was the owner and operator of electric railway lines in Los Angeles County. In 1902 Turner and wife conveyed the whole parcel of land over which the right of way ran to Leslie W. Gray. This conveyance contained the following clause: "excepting therefrom so much as has been taken for the county road known as Vermont avenue, for the street known as Benefit street and for electric car lines across said land." Thereafter in the same year Gray conveyed the same property to Union Trust and Realty Co., and in 1903, together with A. S. Culver and F. R. Strong, executed a second conveyance of the same property to the same grantee, and these conveyances contained clauses similar to that above quoted. The Turners in 1923 executed to Emily Moakley a quitclaim deed of their interest and reversionary rights in the property. This grantee in turn conveyed to Bessie Purvis, who was substituted for Mrs. Moakley as the plaintiff in the action. It appears that in 1915 the railway company was granted permission to abandon the strip in question and remove its tracks therefrom. The present action was brought to quiet the alleged title of plaintiff Moakley to the right of way described in the deed to the railway company. Certain defendants, namely, D. B. Young, Alphonzo Swaboda and Margaret Swaboda, the respondents here, answered, denying plaintiff's alleged title. Following a trial the court found against the plaintiff and entered judgment accordingly. Plaintiff has appealed.

Whether the deed to the railway company conveyed the fee in the strip or an easement is the first question presented by the appeal.

The intention to grant an easement merely would be plain, but for the use of the word land in the last clause of the Turner deed to the railway company. It is claimed that the use of this word shows that more than an easement was intended.

It is the rule that a grant is to be interpreted so as to give effect to the intention of the parties, and that for this purpose the whole instrument should be considered

(*Montgomery* v. *Sturdivant*, 41 Cal. 291; *Barnett* v. *Barnett*, 104 Cal. 300 [37 Pac. 1049]; *Leala* v. *Carroll*, 207 Cal. 542 [279 Pac. 443]; *Jacobs* v. *All Persons*, 12 Cal. App. 167 [106 Pac. 896]). The term "right of way" is frequently used to describe not only the easement but as well the strip of land itself occupied by such use (*Anderson* v. *Willson*, 48 Cal. App. 289, 295 [191 Pac. 1016]), and language similar to that in question has received consideration in a number of cases, in which it was held that an easement only was intended. In *Jones* v. *Van Bochove*, 103 Mich. 98 [61 N. W. 342], the deed conveyed "all that certain piece or parcel of land situated . . . and described as follows, to wit, the right of way for a railroad . . . described as follows: a strip of land 40 feet wide and 952 feet in length".

So in *Biles* v. *Tacoma, O. & G. H. R. Co.*, 5 Wash. 509 [32 Pac. 211], the deed read "do grant and convey to said railroad company the following piece or tract of land . . . for the construction of said road, to have and to hold to said company forever".

In *Vermilya* v. *Chicago etc. Ry. Co.*, 66 Iowa, 606 [24 N. W. 234, 55 Am. Rep. 279], there was conveyed " . . . the right of way over and through the following described tract or parcel of land, hereby conveying for the use above a strip of land 100 feet in width across the premises aforesaid".

The defendant in *Ottumwa etc. R. R. Co.* v. *McWilliams*, 71 Iowa, 164 [32 N. W. 315], leased a right of way of indefinite size through certain land, and agreed to convey in fee simple when desired "a strip of ground by metes and bounds not less than fifty feet on each side of the railroad track".

In *Flaten* v. *City of Moorhead*, 51 Minn. 518 [53 N. W. 807, 19 L. R. A. 195], a tract of land was conveyed to a municipality. The deed contained the provision "said tract of land hereby conveyed to be held and used as a public park".

A deed granted "a strip of land four rods in width across my land, and being the same land now occupied by the St. Albans & Richfield Plank Road Co. for their road". To the description was added the clause "for the use of a plank road". It was held that although the granting part of the deed would convey a fee the last clause was a limitation

upon the grant and only an easement was conveyed (*Robinson* v. *Missisiquoi Ry. Co.*, 59 Vt. 426 [10 Atl. 522]).

To the same effect as the above cases is *Blakely* v. *Chicago etc. R. R. Co.*, 46 Neb. 272 [64 N. W. 972].

In *Moakley* v. *Blog*, 90 Cal. App. 96 [265 Pac. 548], which involved the same right of way here in question, it was held that the original deed to the company conveyed the fee, but there the language of the conveyance differed materially from that of the deed in the case at bar, and clearly showed an intention to pass the fee.

In view of the above cases we think it sufficiently appears from the language of the deed to the railroad company that the parties intended to create an easement only.

As stated, the deed from the Turners to Gray contained a clause excepting therefrom "so much as has been taken for the county road known as Vermont avenue, for the street known as Benefit street and for electric car lines across said land". Such clauses have frequently been before the courts for interpretation. In cases where the clause referred merely to the right of way previously granted it has been generally held that it was not the intention to reserve the fee (*Bolio* v. *Marvin*, 130 Mich. 82 [89 N. W. 563]; *Mahar* v. *Grand Rapids etc. Ry. Co.*, 174 Mich. 138 [140 N. W. 535]; *Moakley* v. *Blog, supra*); but where the deed in terms excepts the piece of land occupied by the right of way it has been held that an exception was plainly intended and that title remains in the grantor subject to the easement. Such in effect were the following decisions: *Reynolds* v. *Gaertner*, 117 Mich. 532 [76 N. W. 3]; *Pritchard* v. *Lewis*, 125 Wis. 604 [104 N. W. 989, 110 Am. St. Rep. 873, 1 L. R. A. (N. S.) 565]; *Studebaker* v. *Beek*, 83 Wash. 260 [145 Pac. 225]; *Hannah* v. *Southern Pac. Co.*, 48 Cal. App. 517 [192 Pac. 304]). However, when the language of the deed is equivocal the question of construction may rest upon extrinsic facts and circumstances (18 Cor. Jur., Deeds, pp. 272, 273). Thus in *Derby* v. *Hall*, 2 Gray (68 Mass.), 236, the deed of a parcel of land contained an exception "of such parts thereof as have been conveyed to the Medford Turnpike etc. Canal Corporations". An easement had been previously conveyed to these corporations. It was held that had the land described in the previous conveyance been in terms excepted, the intention to retain the fee would

have been plain, but as written the language of the instrument was equivocal; and it appearing from physical and other circumstances that this conclusion was not reasonably supported it was held that the deed passed the fee in the whole tract subject to the easement. To the same effect is *Higgins etc. Oil Co.* v. *Victory*, 230 Fed. 421.

In the case at bar the clause refers not only to the part taken for the railroad right of way, but also rights of way for streets. The record contains nothing to show the location of these strips or the effect of interpreting the clause as an exception. In the Massachusetts case the facts showed that such an interpretation would have resulted in a division of the land granted into separate parts without means of access, and for aught that the record discloses such might be the effect here. Moreover, the estimated area of the parcel conveyed, which was described by metes and bounds, was 16¾ acres. This too was a fact which might properly be considered by the trial court (*Hall* v. *Shotwell*, 66 Cal. 379 [5 Pac. 683]; *Hostetter* v. *Los Angeles T. Ry. Co.*, 108 Cal. 38 [41 Pac. 330]), as a computation shows that the estimated area exceeded the acreage of the described parcel by less than .02 of an acre. The area of the strips occupied by streets is not shown, but, as stated, that taken by the railroad was .67 of an acre. The aggregate acreage of these strips, of course, much exceeded the difference shown by the above computation; and had the parties intended to convey less than this difference they could easily have made their intention plain. ■ Such clauses are to be given a reasonable construction according to the intention of the parties as ascertained from the entire instrument together with the attendant facts and circumstances which were before the parties at the time of making the deed (18 Cor. Jur., Deeds, sec. 350, p. 346; *Pitcairn* v. *Harkness*, 10 Cal. App. 295 [101 Pac. 809]). These questions are primarily for the trial court (*Thompson* v. *McKenna*, 22 Cal. App. 129 [133 Pac. 512]); and where its construction appears to be consistent with the true intent of the parties an appellate court will not substitute another although it may seem equally tenable (*Kautz* v. *Zurich etc. Ins. Co.*, 212 Cal. 576 [300 Pac. 34]).

■ During the pendency of the present suit plaintiff obtained a judgment quieting her title to the property

against the Union Trust and Realty Co., the estate of A. S. Culver, deceased, and Frank R. Strong, the grantees named in the deed from Gray, each defendant having filed a disclaimer. The judgment-roll was introduced in evidence at the trial, but following a motion by defendants upon general grounds the same was stricken, and appellant complains of this ruling. Had the judgment been obtained previous to the commencement of the present action it would have been admissible as a muniment of plaintiff's asserted title (*Chapman* v. *Moore,* 151 Cal. 509 [91 Pac. 324, 121 Am. St. Rep. 130]; *Alameda etc. Ins. Co.* v. *United States Fidelity & Guaranty Co.,* 121 Cal. App. 73 [8 Pac. (2d) 912]), but a plaintiff without title at the commencement of the action may not rely upon an after-acquired title except by way of defense to a cross-complaint (22 Cal. Jur., Quieting Title, secs. 34, 41, pp. 155, 166; *Rowley* v. *Davis,* 34 Cal. App. 184 [167 Pac. 162].), and here no affirmative relief was sought by respondents.

The conclusions of the trial court are fairly supported, and no valid reason for a reversal of the judgment has been shown.

The judgment is affirmed.